# MARSHALL WINCHESTER

## vs.

## MAUD T. WINCHESTER.

*Divorce—Wife's Counsel Fees—End of Husband's Liability.*

Even after a final decree granting a divorce and permanent alimony, or alimony alone, the court retains jurisdiction for the purpose of modifying its decree as to the allowance of alimony. p. 97

A decree of divorce *a vinculo* completely severs the marital tie and, except to the extent of the alimony therein awarded, or that might thereafter be allowed in any modification of that decree, the husband is thereby relieved and discharged from all further liability for the support of the wife or for necessaries furnished her. p. 98

After a divorce *a vinculo matrimonii* and an award of permanent alimony, the wife is not entitled to an allowance for services rendered by her counsel in an unsuccessful effort to have the amount of alimony increased. pp. 98-100

*Decided March 1st, 1921.*

Appeal from Circuit Court No. 2 of Baltimore City (STUMP, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Wm. Pinkney Whyte, Jr.,* with whom was *J. S. T. Waters* on the brief, for the appellant.

*L. Wethered Barroll* and *Marbury, Gosnell & Williams,* submitting the cause on brief, for the appellee.

THOMAS, J., delivered the opinion of the court.

In February, 1913, Circuit Court No. 2 of Baltimore City granted the appellee, Mrs. Maud T. Winchester, an absolute divorce from the appellant, Marshall Winchester awarded her the custody of their four minor children, with whose maintenance and support she was charged, and permanent alimony of $200 per month, and retained jurisdiction for the purpose of increasing or decreasing the amount of alimony so allowed. On the 6th of November, 1919, the appellee filed a petition in said court, setting out the decree of 1913, and alleging, for the reasons therein stated, that she was entitled to receive a larger amount for her support and the support and education of her children, who had reached the ages of twenty-four, twenty-two, twenty-one and eighteen years, and praying the court to modify said decree by increasing the amount of alimony allowed therein. In response to a *nisi* order passed on said petition, the appellant filed an answer thereto resisting the relief prayed, and on the same day filed a cross-petition praying, for the reasons stated therein, that the amount of alimony allowed by said decree be reduced. After a hearing, at which testimony was produced before the court, the court refused to modify the decree of 1913, and the petition and cross-petition were dismissed. Thereafter the appellee filed in said court a petition for an allowance of a fee to her counsel for the services rendered in connection with her said petition and the cross-petition of the appellant. The appellant demurred to this petition, but the court below overruled the demurrer, and on the same day, September 14th, 1920, passed an order requiring the appellant to pay a fee of $100 to counsel for the petitioner for said services, unless cause to the contrary be shown on or before the day therein named. In response to this order the appellant again demurred to the petition for a counsel fee on the following grounds:

"1.   That the said petition does not entitle the plaintiff to any relief.

"2.    That the plaintiff has not stated in her said petition such a case as entitles her to any relief in equity against the defendant.

"3.    That the court, having heretofore in this cause awarded the plaintiff a divroce *a vinculo matrimonii,* with alimony of two hundred dollars ($200) per month and counsel fee of three hundred dollars ($300), is without jurisdiction to award any further counsel fee to the plaintiff for any other proceedings which she may take in this cause, the said defendant having paid the alimony awarded against him, and in every way carried out the decree of the court."

The court below overruled this demurrer, and on the 22nd of September, 1920, passed the order from which this appeal was taken, making "absolute" its order of September 14th, 1920.

The right of a wife to alimony and to an allowance for services rendered by her counsel in the prosecution or defense of a suit for divorce, either in the lower court or on appeal, can no longer be questioned in this State. It rests upon the existence of the marital relation, the necessity for such an allowance and the obligation of the husband to provide necessaries for his wife. *Mix* v. *Mix,* 1 Johns. Ch. Rep. (N. Y.) 108; *Denton* v. *Denton,* 1 Johns. Ch. Rep. (N. Y.) 364; *Daiger* v. *Daiger,* 2 Md. Ch. 335; *Coles* v. *Coles,* 2 Md. Ch. 341; *McCurley* v. *McCurley,* 60 Md. 185; *McCurley* v. *Stockbridge,* 62 Md. 422; *Rohrback* v. *Rohrback,* 75 Md. 317; *Chappell* v. *Chappell,* 86 Md. 532. And in this State, even after a final decree granting a divorce, either *a mensa* or *a vinculo,* and permanent alimony, or alimony alone, the court retains jurisdiction for the purpose of modifying its decree as to such allowance. *McCaddin* v. *McCaddin,* 116 Md. 567; *Emerson* v. *Emerson,* 120 Md. 584; *Wygodsky* v. *Wygodsky,* 134 Md. 344.

But in the case at bar, at the time the services (for which the allowance in question was claimed and made) were ren-

dered, the appellee was not the wife of the appellant. The effect of the decree of 1913 was a complete severance of the marital tie, and, except to the extent of the alimony therein awarded, or that might thereafter be allowed in any modification of that decree, the appellant was thereby relieved and discharged from all further liability for the support of the appellee or for necessaries furnished her. *Emerson* v. *Emerson, supra; Dittmaier* v. *Heptasophs,* 135 Md. 312; 9 *R. C. L.,* p. 488, sec. 307. It is said in 1 *R. C. L.,* p. 914, sec. 63: "An allowance for counsel fees and suit money is, like an award of alimony, dependent upon the existence of the marriage relation," and, on page 916, sec. 65, that "an allowance for solicitor's fees and suit money may be made in any proceeding founded on the existence of the marital relation and involving an assertion of the duties arising therefrom." In the case of *Rohrback* v. *Rohrback, supra,* the court, in support of the right of the wife to an allowance of a counsel fee for the defense of the suit on appeal, said: "It is well settled that alimony may be allowed to the wife on application by her, after an appeal from an order or decree dismissing a bill in divorce proceedings. This was decided in *Jones* v. *Jones,* L. R. 2 P. & D. 337. In that case an application was made by the wife for alimony after an appeal had been taken by her from an order dismissing her bill for a judicial separation; and MELLOR, J., said: 'As regards alimony under such circumstances as the present, so long as the wife continues a wife, there is no real reason why she should not have alimony, and it is due her until on the petition there is a final decision against her.' " In the case of *Jones* v. *Brinsmade,* 183 N. Y. 258, the Court of Appeals of New York, in holding that, where a wife sues to annul a marriage on the ground that the husband was insane when the marriage was contracted, the Supreme Court has no power to award her counsel fees and alimony, and after stating that where there is a decree of nullity the parties are regarded as never having been married, said: "Such being the effect of a decree annulling a marriage, even though the marriage is only voidable, it seems un-

just and inconsistent that a wife should be allowed alimony and counsel fee out of her husband's estate to establish the invalidity of her marriage, on the theory that by virtue of the marriage relation the husband is bound to provide for her, when if she is successful in that suit her status will be the same as if she had never married him." In *Lake* v. *Lake*, 194 N. Y. 179, decided in 1909, where the wife asked for an allowance of counsel fee to enable her to set aside a judgment of divorce obtained by her because of fraud, the Court of Appeals of New York said: "There is another reason why the order for counsel fees should not have been made. Such an order must primarily rest upon the existence of the relation of husband and wife. Unless that relation is sustained by the parties there is no basis for the order. * * * The court (in which the judgment of divorce was obtained) had jurisdiction of the parties and of the subject-matter, and the judgment entered is not void, but binding, upon the parties, and upon the court, so long as it remains undisturbed. The application of the plaintiff to have the judgment set aside can only be granted, if at all, by reason of a fraud wholly apart from anything relating to the jurisdiction of the court, but simply relating to the inducement which led the plaintiff to bring the action. It is not a case that comes within the language of the statutory provision relating to counsel fees, and, the relation of husband and wife being wholly severed, the court has no inherent jurisdiction to award counsel fees as an incident to its general statutory jurisdiction in matrimonial actions." In the case of *McCurley* v. *McCurley, supra*, where it was held that the circuit court was without jurisdiction to pass an order requiring the executor of the deceased husband to pay to counsel for the wife a fee for services rendered in a divorce suit which had abated by the death of the husband before final decree, the court said: "The allowance of money to pay the wife's counsel fees is in furtherance of the procedure to obtain or prevent the divorce. When, therefore, the jurisdiction to pass the decree is ended, no jurisdiction can survive as to matters purely ancillary to that object. The

situation of the wife is no longer the same after that it was before the death of the husband. She was then holding the peculiar relation of a wife seeking or resisting a separation, subjected to the incidents of such a position, and requiring means to defray her expenses *pendente lite*. Upon his death before decree the suit abates."

As the appellee, at the time the services in question were rendered, was not the wife of the appellant, and he was no longer liable for her support and for necessaries furnished her, except to the extent and by virtue of the alimony awarded her by the decree of 1913, there would seem to be no ground for an allowance for such services against the husband.

In 1 *R. C. L.,* p. 916, sec. 65, *Stillman* v. *Stillman,* 99 Ill. 196, is cited in support of the statement that, "if the husband subsequently makes a motion for the purpose of securing a reduction in the amount of alimony awarded the wife, it is proper to make an allowance as compensation for her attorney in resisting the same." Whether in that State the same rule would be held to apply to an application by the wife to have the amount of alimony awarded increased, or whether the decision in that case was based upon statutory provisions different from those contained in the statutes in this State relating to divorce and alimony, it is not necessary to inquire, for the other authorities to which we have referred, and which are in accord with the principle upon which counsel fees have been allowed the wife by the courts of this State, lead to the conclusion that, after a divorce *a vinculo matrimonii* and an award of permanent alimony, the wife is not entitled to an allowance for services rendered by her counsel in an unsuccessful effort to have the amount of alimony increased, and the order appealed from in this case must, therefore, be reversed.

*Order reversed and petition dismissed, with costs to the appellant.*