**GULLET v. GULLET.**

No. 8909.

United States Court of Appeals
District of Columbia.

Decided April 9, 1945.

Mr. John T. Bonner, of Washington, D. C., for appellant.

Mr. William B. O'Connell, of Washington, D. C., for appellee.

Before MILLER, EDGERTON, and ARNOLD, Associate Justices.

MILLER, Associate Justice.

In November, 1940, appellee filed a suit for maintenance. In February, 1941, the District Court ordered appellant to pay maintenance pendente lite. In August, 1943, appellant sued, in Florida, for an absolute divorce, which was granted by the Florida court in April, 1944. Appellant then moved in the District Court to revoke the order for temporary maintenance. When his motion came on for hearing, the court heard appellee's suit, also. It overruled appellant's motion and granted permanent maintenance to appellee.

The trial court said: "The matter before the Court in the last analysis is this: a Court in this jurisdiction, with both parties before it, signed an order for temporary alimony or temporary maintenance based upon the allegations of a complaint which was sufficient in this jurisdiction to justify it. Otherwise it would not have been signed. Now, the defendant does not come into this Court and contest the maintenance case, he does not meet that issue, nor does he undertake to get an absolute divorce in this jurisdiction which would practically automatically relieve him from the payment of anything. But he does this: he avoids the issue by going to another jurisdiction where the requirements for an absolute divorce are not as vigilant as they are in this jurisdiction and he undertakes to defeat the maintenance order by getting the divorce there. The Court is of the opinion it is not necessary for the Court to pass upon this question as to whether or not he acquired a domicile in Florida, or whether or not there is any constitutional question involved. The Court is perfectly clear that he could not defeat the action for maintenance in this jurisdiction where the Court had acquired jurisdiction over both parties by going into another jurisdiction and getting a divorce or taking any other proceeding. * * * My ruling is that the marriage in Florida does not have any effect, that the divorce in Florida does not have any effect whatever upon this maintenance case." The Supreme Court[1] and this court[2] have declared the law to the contrary.[3]

[1] See Thompson v. Thompson, 226 U. S. 551, 567, 33 S.Ct. 129, 57 L.Ed. 347; Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518; Williams v. North Carolina, 317 U.S. 287, 63 S. Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273.

[2] See Thompson v. Thompson, 35 App. D.C. 14; Bloedorn v. Bloedorn, 64 App. D.C. 199, 201, 76 F.2d 812, 814.

[3] Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 438, 64 S.Ct. 208, 213, 88 L. Ed. 149: "Nor are we aware of any considerations of local policy or law which could rightly be deemed to impair the force and effect which the full faith and credit clause and the Act of Congress require to be given to such a judgment outside the state of its rendition." Milwaukee County v. M. E. White Co., 296 U.S. 268, 278, 56 S.Ct. 229, 80 L.Ed. 220.

On this appeal, the judgment of the District Court is supported, on behalf of appellee, by the following contention: "Counsel for appellee is conscious of the unsettled state of the law regarding foreign decrees, but feels that one who relies on a foreign decree to defeat an order regularly entered in the courts of the District of Columbia should assume the burden of establishing by competent testimony that the decree he relies on was procured in a manner which entitles it to full faith and credit." This contention, also, is without merit. When the judgment of a state is properly authenticated and stands unchallenged, as in the present case, a denial to it of full faith and credit constitutes a violation of the Constitution.[4] In the absence of any showing of invalidity, appellee is foreclosed, by the Florida judgment, from the right to maintenance.[5]

Reversed.

---

[4] U.S.Const. Art. IV, § 1; Rev.Stat. § 905, 28 U.S.C.A. § 687; Hanley v. Donoghue, 116 U.S. 1, 4–5, 6 S.Ct. 242, 29 L.Ed. 535; Adam v. Saenger, 303 U.S. 59, 62, 58 S.Ct. 454, 82 L.Ed. 649; see Rogers v. Alabama, 192 U.S. 226, 230–231, 24 S.Ct. 257, 48 L.Ed. 417. See, generally, Jackson, Full Faith and Credit—The Lawyer's Clause Of The Constitution (1945) 45 Col.L.Rev. 1; Radin, The Authenticated Full Faith and Credit Clause; Its History (1944) 39 Ill.L. Rev. 1.

[5] Thompson v. Thompson, 226 U.S. 551, 567, 33 S.Ct. 129, 57 L.Ed. 347, affirming 35 App.D.C. 14, 25; Bloedorn v. Bloedorn, 64 App.D.C. 199, 201, 76 F.2d 812, 814; see Chapman v. Parsons, 66 W.Va. 307, 311, 66 S.E. 461, 463, 24 L.R.A.,N.S., 1015, 135 Am.St.Rep. 1033, 19 Ann.Cas. 453; Winchester v. Winchester, 138 Md. 95, 98, 113 A. 584, 585, 14 A.L.R. 609; cf. Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 A. L.R. 1518; Lake v. Lake, 194 N.Y. 179, 185, 87 N.E. 87, 90.