**EVANS v. EVANS.**

**No. 8684.**

United States Court of Appeals
District of Columbia.

Decided May 28, 1945.

Mr. Jean M. Boardman, of Washington, D. C., with whom Mr. William R. Lichtenberg, of Washington, D. C., was on the brief, for appellant.

Mr. David A. Hart, of Washington, D. C., with whom Mr. Bernard Margolius, of Washington, D. C., was on the brief, for appellee.

Before MILLER, EDGERTON, and ARNOLD, Associate Justices.

MILLER, Associate Justice.

Appellant sued appellee for maintenance and appellee pleaded, in defense, a Nevada divorce. Appellee, supporting the decision of the District Court and relying upon the Supreme Court's decision in the first Williams case,[1] presented the following issue on this appeal: Can a decree of divorce rendered by a Nevada court upon substituted service be challenged in the District of Columbia on the ground that the moving party in the Nevada proceedings was not a bona fide domiciliary in that jurisdiction. His contention, sustained by the District Court, is that the jurisdictional finding of domicile by the court which granted the divorce is binding upon the courts of other jurisdictions and the decree entitled to full faith and credit.

The Supreme Court in two recent decisions has held contrary to appellee's contention.[2] The Esenwein case is similar to the present, in its facts, and the rule to be applied by the District Court is found in the following statement of the Supreme Court in that case: "The Full Faith and Credit Clause, Const. art. 4, § 1, placed the Pennsylvania courts under duty to accord prima facie validity to the Nevada decree. The burden is on the litigant who would escape the operation of a judgment decreed in another State. Pennsylvania recognized that burden, but its courts were warranted in finding that the respondent sustained her burden of impeaching the foundation of the Nevada decree on the jurisdictional prerequisite of bona fide domicil. The Pennsylvania Supreme Court rightly indicated that if merely the Nevada decree had been in evidence, it was entitled to carry the day. But the Supreme Court found that on the entire showing there was convincing countervailing evidence to disprove petitioner's intention to establish a domicil in Nevada. The Pennsylvania courts have viewed their Constitutional duty correctly. It is not for us to retry the facts, and we cannot say that in reaching their conclusion the Pennsylvania courts did not have warrant in evidence and did not fairly weigh the facts."

The case will be remanded, therefore, for trial of the question presented by the pleadings and for further appropriate action.

Reversed.

---

[1] Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A. L.R. 1273.

[2] Williams v. North Carolina, —— U. S. ——, 65 S.Ct. 1092; Esenwein v. Commonwealth ex rel. Esenwein, —— U.S. ——, 65 S.Ct. 1118.