## GULLET v. GULLET.
### Civ. No. 9040.

District Court of the United States for the District of Columbia.

April 29, 1947.

William B. O'Connell, of Washington, D. C., for plaintiff.

William R. Lichtenberg and Samuel Barker, both of Washington, D. C., for defendant.

KEECH, Associate Justice.

This is an action for maintenance, in which an order for maintenance pendente

lite was granted. Subsequent thereto defendant husband obtained a divorce in Florida, and moved to revoke the order for temporary maintenance, assigning as reason therefor the Florida decree. Hearing on this motion and on the merits were consolidated. The motion to revoke was denied, and the Court issued a permanent order for maintenance, from which appeal was taken. The Court of Appeals, 80 U.S. App.D.C. 73, 149 F.2d 17, reversed the trial court, with costs, and the cause was "remanded to the said District Court for further proceedings not inconsistent with the opinion" of the Court of Appeals.

Judgment on the mandate was issued calling for a new trial. Hearing was had, permanent maintenance was allowed plaintiff wife, and a motion for new trial was filed and granted. An order for maintenance pendente lite was entered.

On April 14, 1947, the case again came on for hearing on the merits. At that time a verbal motion was made to dismiss the proceedings on the strength of the opinion and mandate of the Court of Appeals. The Court refused to hear the motion verbally, but allowed an opportunity to file the motion and supporting authorities, with leave to plaintiff to file opposition.

The matter immediately before the Court is the motion to dismiss, authorities in support thereof, and plaintiff's memorandum in opposition thereto. The real question for determination is whether or not the opinion and mandate of the Court of Appeals were couched in such terms as to permit a new trial, or whether they were in bar of further proceedings.

It is my view that the opinion and mandate permit a new trial, that course of action not being inconsistent with the opinion and mandate, particularly when consideration is given to the record in the District Court, which was before the Court of Appeals, and the law with reference to full faith and credit to be accorded decrees of other jurisdictions.

The pertinent portion of the Court of Appeals' opinion reads, 80 U.S.App.D.C. 73, 149 F.2d 17:

"The trial court said: 'The matter before the Court in the last analysis is this: a Court in this jurisdiction, with both parties before it, signed an order for temporary alimony or temporary maintenance based upon the allegations of a complaint which was sufficient in this jurisdiction to justify it. Otherwise it would not have been signed. Now, the defendant does not come into this Court and contest the maintenance case, he does not meet that issue, nor does he undertake to get an absolute divorce in this jurisdiction which would practically automatically relieve him from the payment of anything. But he does this: he avoids the issue by going to another jurisdiction where the requirements for an absolute divorce are not as vigilant as they are in this jurisdiction and he undertakes to defeat the maintenance order by getting the divorce there. The Court is of the opinion it is not necessary for the Court to pass upon this question as to whether or not he acquired a domicile in Florida, or whether or not there is any constitutional question involved. The Court is perfectly clear that he could not defeat the action for maintenance in this jurisdiction where the Court had acquired jurisdiction over both parties by going into another jurisdiction and getting a divorce or taking any other proceeding. * * * My ruling is that the marriage in Florida does not have any effect, that the divorce in Florida does not have any effect whatever upon this maintenance case.' The Supreme Court and this court have declared the law to the contrary.

"On this appeal, the judgment of the District Court is supported, on behalf of appellee, by the following contention: 'Counsel for appellee is conscious of the unsettled state of the law regarding foreign decrees, but feels that one who relies on a foreign decree to defeat an order regularly entered in the courts of the District of Columbia should assume the burden of establishing by competent testimony that the decree he relies on was procured in a manner which entitles it to full faith and credit.' This contention, also, is without merit. When the judgment of a state is properly authenticated and stands unchallenged, as in the present case, a denial to it of full faith and credit constitutes a violation of the Constitution. In the absence

of any showing of invalidity, appellee is foreclosed, by the Florida judgment, from the right to maintenance."

Could the Court of Appeals have considered that the trial court passed on the validity of the Florida decree insofar as domicile is concerned, and yet have held in its opinion that the decree was "unchallenged"?

I believe that the Court of Appeals, in the light of the record before it, treated the finding of the trial court as merely holding that the question of the validity of the Florida decree was not essential to his determination of the questions before him, as indicated by his statement that "it is not necessary for the Court to pass upon this question as to whether or not he acquired a domicile in Florida, or whether or not there is any constitutional question involved," and that "the divorce in Florida does not have any effect whatever upon this maintenance case."

This view holds even though evidence on the question of domicile was taken in the proceeding, for it was not passed upon and no finding with reference thereto was made by the trial court. To hold otherwise—the question having been raised but ignored by the trial court and no finding made, and the Court of Appeals therefore having found there was no challenge—would mean a denial of the plaintiff's right to have a vital issue determined. Whereas, if the mandate be held to authorize a new trial, the plaintiff would be given her day in court, defendant would have an opportunity to meet the issue of domicile there presented, and a finding could be made by the trial court as to whether the defendant was or was not domiciled in Florida.

To deny plaintiff the right to a finding as to the validity of defendant's Florida divorce decree would be contrary to the law as enunciated by the Supreme Court in Williams v. North Carolina, May 21, 1945, 325 U.S. 226, 65 S.Ct. 1092, 1095, 89 L.Ed. 1577, 157 A.L.R. 1366, where the Court stated:

" * * * A judgment in one State is conclusive upon the merits in every other State, but only if the court of the first State had power to pass on the merits—had jurisdiction, that is, to render the judgment.

" 'It is too late now to deny the right collaterally to impeach a decree of divorce made in another state, by proof that the court had no jurisdiction, even when the record purports to show jurisdiction * * *.' It was 'too late' more than forty years ago. German Savings Society v. Dormitzer, 192 U.S. 125, 128, 24 S.Ct. 221, 222, 48 L.Ed. 373.

"Under our system of law, judicial power to grant a divorce—jurisdiction, strictly speaking—is founded on domicil. Bell v. Bell, 181 U.S. 175, 21 S.Ct. 551, 45 L.Ed. 804; Andrews v. Andrews, 188 U.S. 14, 23 S.Ct. 237, 47 L.Ed. 366. * * *"

While it is true that this case was not decided until after the Court of Appeals' decision in the case at bar, it should be noted that the prior Supreme Court decisions there followed were handed down in 1901 (Bell v. Bell), 1903 (Andrews v. Andrews), and 1904 (German Savings Society v. Dormitzer).

It should be further noted that the Supreme Court's opinion in the earlier case of Williams v. State of North Carolina, 1942, 317 U.S. 287, 63 S.Ct. 207, 210, 87 L.Ed. 279, 143 A.L.R. 1273, was in no wise contradictory of the above quoted paragraphs, for in that case the record did not present the question whether North Carolina had the power to refuse full faith and credit to the Nevada divorce decrees because it found no bona fide domicile had been acquired in Nevada, and the Court expressly stated, " * * * we must treat the present case for the purpose of the limited issue before us precisely the same as if petitioners had resided in Nevada for a term of years and had long ago acquired a permanent abode there."

Our Court of Appeals in Evans v. Evans, 80 U.S.App.D.C. 133, 149 F.2d 831, decided May 28, 1945, held that the validity of a decree obtained in another jurisdiction may be attacked on the ground that the party procuring the divorce lacked domicile. Significant, too, is the fact that the Evans case was determined prior to entry of judgment on the mandate in the case at bar on September 4, 1945. To the same effect see White v. White, 80 U.S.App.D.C. 156, 150 F.2d 157, which also was pending in the Court of Appeals at the time the case at

bar was argued in the lower court, but was not decided until June 11, 1945.

Counsel for defendant stresses the fact that on the petition for rehearing filed with the Court of Appeals the prayer of plaintiff was in the alternative, the second part praying that, if the Court reverse the determination of the trial justice, the matter be remanded to the trial court for retrial. If the Court of Appeals construed its mandate and opinion as I have, there was no need for it to pass upon the alternative prayer in the petition for rehearing, for a retrial was permissible under the mandate following its opinion.

Specifically, I construe the Court of Appeals' opinion to hold that, notwithstanding the trial court's receipt of evidence relating to the subject of domicile, such receipt was totally ineffective because of the trial judge's determination that the Florida decree, valid or invalid, was no bar to the maintenance action in the District of Columbia, which the Court of Appeals held to be error.

I therefore conclude that under the mandate of the Court of Appeals and the law as established by the Court of Appeals in the Evans and White cases, supra, as well as the determination of the Supreme Court in Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366, and the cases therein cited, a retrial is consistent with the opinion and mandate of the Court of Appeals in this case.

The motion to dismiss is therefore denied.

Counsel will present an appropriate order, and the case should be set down for early hearing.