## HODGE v. HODGE.
### Civil Action No. 2612—48.

United States District Court
District of Columbia.
Oct. 29, 1948.

Harry J. Harth, of Washington, D. C., for plaintiff.

Richard B. Washington, of Washington, D. C., for defendant.

LAWS, Chief Judge.

Plaintiff wife filed suit for maintenance against her husband. The parties were married in 1922. In brief, the facts of the case at bar are as follows: On September 6, 1944, the husband brought suit against his wife for a divorce on the ground of adultery and desertion. The wife filed a cross complaint for divorce alleging adultery as a ground. The cross complaint also contained a prayer for temporary and permanent alimony. The suit was brought in the Circuit Court of the County of Page, Virginia. Temporary alimony was allowed, but upon a trial of the issues the Virginia Court decreed that "neither the complainant nor the defendant are entitled to the relief prayed for in the bill and cross bill, and that the same should be dismissed." The parties remained separated and in 1946 the husband again filed suit for divorce, this time in Alexandria, Virginia. This suit was withdrawn before trial on the ground that the former trial was decisive of the issues in the case. The husband, on March 25, 1947, went to Mexico where he secured a divorce from his wife April 22, 1947. He remained in Mexico not more than eight days, returning to Washington, D. C. before the Mexican decree was signed. During this period, 1943 to date, the husband has been working in Washington, D. C., for the United States Bureau of Public Roads and has been living in Washington, D. C., and Arlington, Virginia. His leave record at the Public Roads Administration indicates that at the time he went to Mexico he took 40 hours annual leave from March 24, 1947, to March 28, 1947. In June, 1947, the husband remarried and has since lived in Washington, D. C. In June, 1948, the husband was charged with bigamy in Mary-

land, said trial resulting in a verdict of not guilty.

The husband contends the wife's complaint for maintenance should be dismissed on the following grounds: (a) That at the time he secured his Mexico divorce he was a bona fide resident of Mexico according to its laws; (b) the decision of the Maryland Court in the bigamy case fully adjudged the validity of his Mexican divorce; (c) the Virginia decree of 1944 is res adjudicata on the question of whether or not he was liable for support and maintenance, and (d) no showing has been made that the income of the wife from sewing work she does which is about $70 monthly is not adequate for her support.

 The husband was not a bona fide resident of Mexico and therefore the Mexican divorce decree obtained by him is not binding on this Court. Evans v. Evans, 80 U.S.App.D.C. 133, 149 F.2d 831, certiorari denied 326 U.S. 738, 66 S.Ct. 48, 90 L.Ed. 440; White v. White, 80 U.S.App. D.C. 156, 150 F.2d 157. The Maryland Court's finding of not guilty in a criminal case does not settle the question of the validity of the Mexican divorce. As to the contention that the decision of the Virginia Court is res adjudicata on the question of maintenance, Brown v. Brown, 74 App.D.C. 309, 122 F.2d 219, held on similar facts that a suit for maintenance might be allowed after the failure of the wife's cross complaint for divorce and alimony in a previous proceeding. The plaintiff is entitled to an award for her support and maintenance under § 16—415 of the District of Columbia Code.

 The husband is ordered to pay to the wife $40 per month, payable semi-monthly beginning November 1, 1948. The sum of $125 will be ordered paid by the husband to Harry J. Harth, Esq., attorney for plaintiff, said sum to be paid at the rate of $25 per month beginning on November 1, 1948. The services of counsel warrant a higher fee, but in my judgment the income of defendant is not ample to justify more than the amount stated.