**GULLET v. GULLET.**

Nos. 9783, 9880.

United States Court of Appeals
District of Columbia Circuit.

Submitted Feb. 25, 1949.
Decided April 25, 1949.

---

[13] Em.App.1948, 169 F.2d 654.

See also 71 F.Supp. 378.

Mr. Samuel Barker, of Washington, D. C., with whom Mr. William R. Lichtenberg, of Washington, D. C., was on the brief, submitted for appellant.

Mr. William B. O'Connell, of Washington, D. C., submitted for appellee.

Before CLARK and WILBUR K. MILLER, Circuit Judges, and GEORGE C. SWEENEY, District Judge, sitting by designation.

WILBUR K. MILLER, Circuit Judge.

This case is before us for the second time. Our former opinion, handed down April 9, 1945, reported in 80 U.S.App.D.C. 73, 149 F.2d 17, thus described the proceedings in the District Court: "In November, 1940, appellee filed a suit for maintenance. In February, 1941, the District Court ordered appellant to pay maintenance pendente lite. In August, 1943, appellant sued, in Florida, for an absolute divorce, which was granted by the Florida court in April, 1944. Appellant then moved in the District Court to revoke the order for temporary maintenance. When his motion came on for hearing, the court heard appellee's suit, also. It overruled appellant's motion and granted permanent maintenance to appellee."

The above quoted history of the case in the District Court prior to our former opinion may be thus amplified from the record: in her answer to the appellant's motion to revoke the allowance of temporary maintenance because of the Florida divorce decree, the appellee-wife attacked that judgment as invalid. In the pre-trial order the clashing contentions of the parties as to the validity of the Florida divorce were set forth. On the trial, there was substantial evidence tending to show that the appellant-husband was not in fact a resident of Florida when he filed his suit, and when the court there entered a judgment divorcing him from the appellee.

The district judge, however, disregarded the question of the validity of the Florida judgment, which was presented to him, and based his decision to award permanent maintenance on the statement that the husband "could not defeat the action for maintenance in this jurisdiction where the Court had acquired jurisdiction over both parties by going into another jurisdiction and getting a divorce * * *." The district judge added, "My ruling is that the * * * divorce in Florida does not have any effect whatever upon this maintenance case."

On appeal, the appellee argued that the foreign judgment was invalid, and pointed out the evidence which she said supported her contention. This court reversed, and in the opinion said: "* * * When the judgment of a state is properly authenticated and stands unchallenged, as in the present case, a denial to it of full faith and credit constitutes a violation of the Constitution. In the absence of any showing of invalidity, appellee is foreclosed, by the Florida judgment, from the right to maintenance."

The state of the record then before us shows that the quoted portion of our opinion meant the Florida judgment was unchallenged in the sense that the district judge had made no finding with respect to the sharp issue concerning the judgment's validity which had been presented to him. It is equally apparent that in saying, "In the absence of any *showing* of invalidity, the appellee is foreclosed, by the Florida judgment, from the right to maintenance", the word "showing" was inadvertently used instead of the word "finding."

We not only reversed the District Court's allowance of permanent maintenance, but also remanded the cause to that court. Clearly the remand was to enable the District Court to make an express determination as to the validity of the Florida judgment.

When the case was returned to the District Court, both parties again introduced evidence on the question of validity. The proof presented was practically identical with that which was in the record on the former appeal. This time the District Court found the Florida divorce decree was obtained by the appellant's fraudulent rep-

resentation to that court of a bona fide residence in Florida, a false representation of a jurisdictional fact. Then, having determined that the Florida judgment is not entitled to full faith and credit here,[1] the court awarded permanent maintenance and counsel fees to the appellee-wife, ordered the payment of arrears accrued under the pendente lite allowance of October, 1946, and later imposed a jail sentence for contempt because of appellant's failure to pay the amounts awarded. These appeals are from those two orders.

 The evidence of the invalidity of the Florida judgment amply justified the District Court in refusing to accord it full faith and credit. The court therefore had power to order the payment of permanent maintenance. Appellant's other criticisms of the allowance do not seem to us to be well founded.

 The payment of maintenance having been validly ordered, it follows that the court did not err in holding the appellant in contempt for failing to obey. He complains that his appeal from the order commanding him to pay maintenance and counsel fees was pending in this court when the District Court punished him for contempt, and asserts that the appeal protected him from such punishment. With respect to this contention it is enough to point out that the appellant did not obtain a stay on appeal by executing a supersedeas bond as permitted by Rule 73(d) of the Federal Rules of Civil Procedure, 28 U.S. C.A.

Affirmed.

---

[1] Williams v. North Carolina, 1945, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366.