**GULLET v. GULLET.**

No. 13216.

United States Court of Appeals Fifth Circuit.

May 11, 1951.

Rehearing Denied June 8, 1951.

J. Harvey Robillard, Miami Beach, Fla., for appellant.

William Phillips, Miami, Fla., for appellee.

Before HOLMES, BORAH, and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This appeal is from an order "dismissing" appellant's motion to quash the registration in the Southern District of Florida, at Miami, of a judgment of the United States District Court for the District of Columbia, and to also quash an ancillary garnishment proceeding in the Florida district based upon that judgment.

In 1941, the United States District Court for the District of Columbia awarded appellee, Mary M. Gullet, separate maintenance *pendente lite* from her husband, John Sherman Gullet, appellant here. That court later refused to revoke the order for temporary maintenance, and on November 17, 1947, made the allowance permanent, notwithstanding an intervening decree of a Florida state court entered in April, 1944 purporting to grant appellant an absolute decree of divorce from appellee. Appellant appeared (as defendant) in the District of Columbia suit and defended it through two trials and two appeals, until judgment finally went against him. Gullet v. Gullet, 80 U.S.App.D.C. 73, 149 F. 2d 17; Id., 85 U.S.App.D.C. 12, 174 F.2d 531.

On the second appeal, the Court of Appeals of the District of Columbia affirmed the district court in holding the Florida divorce decree ineffectual to defeat the wife's right to separate maintenance, because of appellant's representation to the Florida court that when the divorce action was commenced he was a bona fide resident of Florida, when in fact he was not, so that the Florida court lacked jurisdiction over the subject matter and its decree was therefore void. Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366, Id., 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273.

After the District of Columbia judgment became final on appeal, and when the payments due under it aggregated $4125.00, it was registered in the Southern District of Florida pursuant to 28 U.S.C.A. § 1963.[1] This registration, and the ancillary garnishment issued thereon, are challenged by the motion to quash.

It was not error to deny the motion. The judgment in question is not in any sense a divorce decree, but one "for the recovery of money", as contemplated by the statute. The district court of the District of Columbia is clothed with jurisdiction over actions for separate maintenance arising in the District of Columbia. Act of March 31, 1901, 31 Stat. at Large 1346, ch. 854, sec. 980. Its judgment for separate maintenance in this instance stands here properly authenticated and unchallenged as to jurisdiction. It therefore qualifies for registration in the Florida district pursuant to 28 U.S.C.A. § 1963.

Registration of the District of Columbia judgment in Florida is purely a ministerial step in its enforcement. It confers upon the Florida court no power over the judgment itself. Whether or not the district court for the District of Columbia properly denied full faith and credit to the Florida divorce decree is not the concern of the Florida district court. That question has been determined by the district court for the District of Columbia, affirmed by the Court of Appeals, and is not subject to review by the Florida district court in a proceeding of this nature.

As the judgment has the same effect as a judgment of the Florida district court, the judgment creditor is entitled to proceed by garnishment to enforce payment. This ancillary remedy, provided by the Florida statutes,[2] is available in the en-

1. "A judgment in an action for the recovery of money or property entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

"A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien." This section became effective September 1, 1948, as a new section in the Revised Judicial Code.

2. Sec. 77.01 et seq., F.S.A.

forcement of judgments of the United States District Court sitting in Florida. Fed. Rules Civ.Proc. rules 65 and 69, 28 U.S.C.A. As the ancillary writ of garnishment is the process of the Florida district court, that court has the power to quash it. There was no error in refusing to do so in this instance, however, because the underlying judgment, standing duly registered and unsatisfied in the Florida district, has the same effect as a judgment of that court, which may be enforced by an ancillary garnishment.

Nothing said in Slade v. Dickinson, D.C., 82 F.Supp. 416, relied upon by appellant, is inharmonious with what is here said. 28 U.S.C.A. § 1963 was in effect before the District of Columbia judgment was finally entered on October 13, 1949.

The motion to quash was properly denied. The order appealed from is affirmed.