**RESEARCH CORPORATION, Plaintiff,**

v.

**PFISTER ASSOCIATED GROWERS, INC., et al., Defendants.**

**Civ. A. Nos. 63 C 597, 68 C 1081.**

United States District Court,
N. D. Illinois, E. D.

April 7, 1970.

See also D.C., 301 F.Supp. 497.

Clyde F. Willian, James P. Hume and Robert L. Harmon, Hume, Clement, Hume & Lee, Chicago, Ill., for plaintiff Research Corp. and party defendant Paul A. Mangelsdorf.

Erwin C. Heininger and Burton E. Glazov, Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., for defendant Cargill, Inc.

George E. Howell, Tenney, Bentley, Guthrie, Askow & Howell, Chicago, Ill., for defendants Moews Seed Co., J. Robert Huey, American Seed Trade Association and William Heckendorn.

Walther E. Wyss and Warren D. McPhee, Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., for defendants Pioneer Hi-Bred Corn Co., Pfister Associated Growers, Inc., John P. Case, Lewis Camp, W. R. Grace & Co., Arthur Walter Seed Co., Pioneer Hi-Bred Corn Co., Naperville Seeds, Inc., Hughes Hybrids, Inc., Earl Hughes and Robert Hughes.

H. Blair White, Arthur F. Staubitz and William G. Schaefer, Jr., Sidley & Austin, Chicago, Ill. for defendants DeKalb Ag Research, Inc., and Thomas Roberts.

## MEMORANDUM AND ORDER ON CERTAIN CLASS DEFENDANTS' MOTION FOR AN INJUNCTION PENDING APPEAL

ROBSON, District Judge.

The defendants Asgrow Seed Company, Asgrow Seed Company International, Asgrow Kilgore Co. and United Hagie Hybrids, Inc. ("Asgrow companies"), move this court to suspend pending appeal the relief granted in the consent judgment entered by this court on January 22, 1970. For the reasons set forth below, this court is of the opinion the motion should be denied.

The record in this matter indicates that the appeal in question is frivolous and taken in bad faith. The Asgrow companies had notice of this class action. At no time prior to filing the notice of appeal herein did the Asgrow companies appear, object, move to intervene or otherwise move or communicate with this court in any manner, either orally or in writing, despite repeated invitations and opportunities to do so. Furthermore, counsel of record for the Asgrow companies was, throughout all the proceedings herein, counsel for several of the named defendants in this action, and performed as lead counsel for all of the named defendants, not only during the trial of cause No. 63 C 597, but throughout the negotiations for settlement and settlement of this class action.

During the settlement negotiations, counsel for the Asgrow companies and the other defense counsel transmitted to this court an offer of settlement. *All of the defense counsel, including counsel for Asgrow, represented that if the offer were accepted by the plaintiff nothing would be done by them to undermine the settlement.* It was further represented by all defense counsel that they would promote and work toward compliance with the terms of the settlement by all members of the class.

After determining that the terms of the offer were in the best interests of all parties, this court transmitted the offer to the plaintiff. The aforesaid representations and assurances of the defense counsel were likewise transmitted to the plaintiff. Indicating its reliance on those representations and assurances, plaintiff accepted the offer which constituted a compromise from what it had previously indicated it was willing to ac-

cept. Thereafter, counsel for the Asgrow companies assisted in preparation of the Judgment for Class Defendants, the order from which the Asgrow companies now appeal. After obtaining the approval of plaintiff, the Judgment for Class Defendants was submitted to this court.

Notice of the Judgment for Class Defendants and its proposed entry was sent by plaintiff at the direction of the court to the members of the class. Counsel for plaintiff has represented, and it remains undenied, that the notice was sent prepaid to the Asgrow companies. The Asgrow companies made no objection to the entry of the Judgment for Class Defendants.

Prior to the entry of the Consent Judgment Order and the Judgment for Class Defendants, counsel for the Asgrow companies joined the other defense counsel in requesting that this court enter a finding that the orders and decrees entered as a part of the settlement of this action were in accordance with the preponderance of evidence of record, with specific regard to all patent and antitrust defenses which had been raised. Such a finding was drafted by defense counsel, submitted to the court, and entered with the approval of plaintiff and the court.

It is undisputed that none of the named defendants represented by counsel for the Asgrow companies have, as of the date of this order, complied with the Consent Judgment Order entered January 22, 1970. All of the other named defendants have complied with the order. After carefully considering all facts relevant to the entry of the Judgment for Class Defendants, it is this court's opinion that the staying of the judgment would be grossly unfair to the plaintiff and to the remaining members of the class. The Asgrow companies have failed to show sufficient cause for granting a stay of the injunctive provisions set forth in the Judgment for Class Defendants, and their motion must be denied.

Despite the Asgrow companies' contentions to the contrary, this court has full power and jurisdiction to enforce its injunctive order pending appeal, absent a stay granted under either Rule 62(c) or Rule 62(g), Federal Rules of Civil Procedure. In re Federal Facilities Realty Trust, 227 F.2d 651, 654 (7th Cir. 1955); Gullet v. Gullet, 85 U.S.App.D.C. 12, 174 F.2d 531, 533 (1949). Therefore, the Asgrow companies' motion to strike the plaintiff's motion for a contempt order is totally without merit. However, contempt proceedings will be stayed pending disposition of this matter in the United States Court of Appeals.

It is therefore ordered that the defendants' motion for an order to stay the relief granted in this court's judgment order of January 22, 1970, be, and it is hereby denied.

It is further ordered that the plaintiff's motion for an order of contempt and appropriate sanctions be, and it is hereby stayed until disposition of the appeal pending in the United States Court of Appeals.