DEERING MILLIKEN, INC., Appellant,

v.

FEDERAL TRADE COMMISSION, et al.

DEERING–MILLIKEN, INC., Appellant,

v.

FEDERAL TRADE COMMISSION, et al.

In re FTC LINE OF BUSINESS
REPORT LITIGATION NL
Industries, Inc., Appellant.

In re FTC LINE OF BUSINESS RE-
PORT LITIGATION Federal Trade
Commission Parties, Appellants.

In re FTC CORPORATE PATTERNS
REPORT LITIGATION Federal Trade
Commission Parties, Appellants.

In re FTC LINE OF BUSINESS
REPORT LITIGATION Cyclops
Corporation, Appellant.

In re FTC LINE OF BUSINESS RE-
PORT LITIGATION Appellants.

In re FTC CORPORATE PATTERNS RE-
PORT LITIGATION American Cyana-
mid Company, et al., Appellants.

In re FTC LINE OF BUSINESS REPORT
LITIGATION American Cyanamid Com-
pany, et al., Appellants.

Nos. 77–1942, 77–1943, 77–1947, 77–1953,
77–1952, 77–1956, 77–1728, 77–1930
and 77–1931.

United States Court of Appeals,
District of Columbia Circuit.

Decided Sept. 28, 1978.

Published July 14, 1980.

·See also C.A.D.C., 1022 F.2d 626.

Gerald P. Norton, Deputy Gen. Counsel,
W. Dennis Cross, Asst. Gen. Counsel,

Joanne L. Levine and Thomas A. Sheehan, Attys., F.T.C., Washington, D. C., were on the motion for issuance of mandate.

Edward T. Tait, Lee A. Rau, John M. Wood and Stuart M. Gerson, Washington, D. C., were on the opposition for American Air Filter Company, et al., in No. 77–1728 and 77–1732 to the motion for issuance of mandate.

Leslie W. Jacobs, Akron, Ohio, was on the opposition for Goodyear Tire and Rubber Company, et al., in No. 77–1728 and 77–1732 to the motion for issuance of mandate.

J. Randolph Wilson, John S. Koch and Steven S. Rosenthal, Washington, D. C., were on the opposition for Air Products and Chemicals, Inc., et al., in Nos. 77–1728 and 77–1732 to the motion for issuance of mandate.

Ira M. Millstein, Mark A. Jacoby and Salem M. Katsh, New York City, were on the opposition for Allegheny Ludlum Industries, Inc., et al., in Nos. 77–1728 and 77–1732 to the motion for issuance of mandate.

William Simon, Harold F. Baker, David C. Murchinson, J. Wallace Adair, John DeQ, Briggs, and Stuart H. Harris, Washington, D. C., were on the opposition for American Cyanamid Company, et al., in Nos. 77–1728, 77–1732, 77–1930 and 77–1931 to the motion for issuance of mandate.

John C. Reitz was on the opposition for American Greetings Corporation, et al., in Nos. 77–1728 and 77–1732 to the motion for issuance of mandate.

Robert E. Jordan, III, Robert M. Goolrick, Washington, D. C., and Edward E. Vaill, Los Angeles, Cal., were on the opposition for Atlantic Richfield Company, et al., in Nos. 77–1728 and 77–1732 to the motion for issuance of mandate.

Philip A. Lacovara and Gerald Goldman, Washington, D. C., were on the opposition for Allen–Bradley Company in Nos. 77–1728 and 77–1732 to the motion for issuance of mandate.

J. Stanley Stroud, Chicago, Ill., was on the opposition for CPC International, Inc., et al., in No. 77–1728 to the motion for issuance of mandate.

John F. Graybeal and Robert D. Houser, Jr., Washington, D. C., were on the opposition for Square D Company in Nos. 77–1728 and 77–1732 to the motion for issuance of mandate.

Andrew S. Krulwich was on the opposition for Hoffman–LaRoche, Inc., et al., in Nos. 77–1728 and 77–1732 to the motion for issuance of mandate.

Philip J. Davis, Chicago, Ill., was on the opposition for Chemetron Corporation, in Nos. 77–1728 and 77–1732 to the motion for issuance of mandate.

James F. Rill, Washington, D. C., was on the opposition for Carpenter Technology Corporation, et al., in Nos. 77–1728 and 77–1732 to the motion for issuance of mandate.

James F. Bromley, Washington, D. C., was on the opposition for United States Gypsum Company in Nos. 77–1728 and 77–1732 to the motion for issuance of mandate.

Ronald P. Wertheim, Washington, D. C., was on the opposition for Ashland Oil, Inc., in Nos. 77–1728 and 77–1732 to the motion for issuance of mandate.

Richard C. Seltzer, New York City, was on the opposition for GAF Corporation in No. 77–1728 to the motion for issuance of mandate.

Daniel K. Mayers and Neil J. King, Washington, D. C., were on the opposition for Babcock and Wilcox Company, et al., in No. 77–1728 to the motion for issuance of mandate.

William C. Collishaw was on the opposition for White Consolidated Industries, Inc., in Nos. 77–1728 and 77–1732 to the motion for issuance of mandate.

Samuel K. Abrams and Wilbur L. Fugate, Washington, D. C., were on the opposition for Cone Mills, Corporation, et al., in Nos. 77–1728 and 77–1732 to the motion for issuance and mandate.

David B. Lytle, Washington, D. C., was on the opposition for Hughes Tool Company, et al., in No. 77–1728 to the motion for issuance of mandate.

Ramsay D. Potts and Steven L. Meltzer, Washington, D. C., were on the opposition for Emerson Electric Company in Nos. 77–1728 and 77–1732 to the motion for issuance of mandate.

Milton Wolson, New York City, and S. White Rhyne, Jr., Washington, D. C., were on the opposition for SMC Corporation in Nos. 77–1728 and 77–1732 to the motion for issuance of mandate.

Paul J. Newlon, Victoria G. Traube and Michael A. Lampert, New York City, were on the opposition for Milliken and Company in Nos. 77–1728, 77–1732, 77–1942, 77–1943 and 77–1944 to the motion for issuance of mandate.

Fred L. Woodworth, Detroit, Mich., was on the opposition for Overhead Door Corporation, in No. 77–1728 to the motion for issuance of mandate.

Jesse P. Luton, Jr., John E. Bailey and Kevin F. Cunningham, Houston, Tex., were on the opposition for Gulf Oil Corporation in No. 77–1728 to the motion for issuance of the mandate.

Joseph W. Burns, New York City, was on the opposition for Ingersoll–Rand Company in No. 77–1728 to the motion for issuance of the mandate.

Albert R. Connelly, New York City, was on the opposition for Bethlehem Steel Corporation in Nos. 77–1728 and 77–1732 to the motion for issuance of the mandate.

Edwin S. Rockefeller and Alan M. Frey, Washington, D. C., were on the opposition for Norton Simon, Inc., in Nos. 77–1728 and 77–1732 to the motion for issuance of the mandate.

David J. Lewis, Bethesda, Md. and Elroy H. Wolff, Washington, D. C., were on the opposition for Kimberly–Clark Corporation, et al., in No. 77–1728 to the motion for issuance of the mandate.

Anthony B. Barton, New York City, was on the opposition for American Maize–Products Company in No. 77–1728 to the motion for issuance of the mandate.

Eve E. Bachrach was on the opposition for C.I.T. Financial Corporation, et al., in No. 77–1728 to the motion for issuance of the mandate.

Caswell O. Hobbs, III, Washington, D. C., was on the opposition for American Stores Company in No. 77–1732 to the motion for issuance of the mandate.

Robert J. Pope, Washington, D. C., was on the opposition for Continental Group, Inc., in No. 77–1732 to the motion for issuance of the mandate.

John T. Rafferty, New York City, was on the opposition for NL Industries, Inc. in No. 77–1947 to the motion for issuance of the mandate.

Thomas C. Morrison, New York City, was on the opposition for Johnson and Johnson in No. 77–1728 to the motion for issuance of the mandate.

Gilbert H. Weil and Robert L. Sherman, New York City, were on the opposition for Bristol–Myers Company in No. 77–1728 to the motion for issuance of the mandate.

Before BAZELON and ROBINSON, Circuit Judges, and AUBREY E. ROBINSON, Jr.,* United States District Judge for the District of Columbia.

## ORDER

Upon consideration of the motion of the Federal Trade Commission for issuance of the mandate herein, and of the memoranda in support of and in opposition to the motion, it is, for the reasons expressed in the accompanying memorandum,

ORDERED by the Court that the motion for issuance of the mandate be and hereby is denied; and it is

Further ORDERED by the Court, *sua sponte*, that the District Court's orders reviewed herein be and hereby are stayed pending action by the Supreme Court of the United States upon the petitions for writs of certiorari directed to this Court's judgment of July 10, 1978.

* Sitting by designation pursuant to 28 U.S.C. § 292(a) (1976).

## MEMORANDUM

On July 10, 1978, we affirmed a judgment of the District Court which directed compliance with orders that the Federal Trade Commission seeks to have enforced in these companion cases.[1] Eighteen days later, the Clerk of this court was notified that three petitions had been filed in the Supreme Court directed to our action.[2] In cases wherein a petition for certiorari is presented within 21 days from the entry of judgment here,[3] it has long been the Clerk's policy to automatically withhold the mandate pending disposition of the petition.[4] That course he pursued in the instant litigation.

The Commission has moved for issuance of the mandate, contending that the Clerk's practice is contrary to Rule 41 of the Federal Rules of Appellate Procedure[5] and Rule 14(b) of the General Rules of this court.[6] Appellants, on the other hand, defend the practice, and indicate that they relied on it in deciding not to request that the mandate be stayed.

### I

As a panel confronted with a procedural policy of general applicability, we normally would refer this problem to the full court for resolution. Since, however, a majority of our regular active judges have recused themselves from participation in these cases,[7] it is obviously inappropriate to solicit their guidance at this time on a question impacting the litigation so directly.[8] More-

1. *In re FTC Line of Business Report Litigation, In re FTC Corporate Patterns Report Litigation,* 193 U.S.App.D.C. 300, 595 F.2d 685, *cert. denied,* 439 U.S. 958, 99 S.Ct. 362, 58 L.Ed.2d 351 (1978).

2. *American Air Filter Co. v. FTC,* 439 U.S. 958, 99 S.Ct. 362, 58 L.Ed.2d 351 (1978); *Goodyear Tire & Rubber Co. v. FTC,* 439 U.S. 958, 99 S.Ct. 362, 58 L.Ed.2d 351 (1978); *Deering Milliken, Inc. v. FTC,* 439 U.S. 958, 99 S.Ct. 362, 58 L.Ed.2d 351 (1978). See also 439 U.S. 958, 99 S.Ct. 362, 58 L.Ed.2d 351 (1978).

3. See Fed.R.App.P. 41(b), quoted *infra* note 5.

4. See D.C. Cir. Handbook of Practice & Internal Procedures 70, 74–75 (1978), stating relevantly:
   [A] petition for certiorari to the United States Supreme Court, filed within the 21–day period, suspends issuance of the "mandate" until the case is disposed of in the Supreme Court.

   \* \* \* \* \* \*

   A petition for certiorari filed before the mandate of this Court is issued stays the mandate until the Supreme Court disposes of the case. This Court upon motion may also stay its mandate prior to the filing of a petition for certiorari .... If a petition for certiorari is filed within the term of the stay, the stay continues until the case is disposed of by the Supreme Court. Upon denial of the petition for certiorari, this Court's mandate is to be issued immediately.

5. Fed.R.App.P. 41 states:
   (a) Date of Issuance. The mandate of the court shall issue 21 days after the entry of judgment unless the time is shortened or enlarged by order. A certified copy of the judgment and a copy of the opinion of the court, if any, and any direction as to costs shall constitute the mandate, unless the court directs that a formal mandate issue. The timely filing of a petition for rehearing will stay the mandate until disposition of the petition unless otherwise ordered by the court. If the petition is denied, the mandate shall issue 7 days after entry of the order denying the petition unless the time is shortened or enlarged by order.
   (b) Stay of Mandate Pending Application for Certiorari. A stay of the mandate pending application to the Supreme Court for a writ of certiorari may be granted upon motion, reasonable notice of which shall be given to all parties. The stay shall not exceed 30 days unless the period is extended for cause shown. If during the period of the stay there is filed with the clerk of the court of appeals a notice from the clerk of the Supreme Court that the party who has obtained the stay has filed a petition for the writ in that court, the stay shall continue until final disposition by the Supreme Court. Upon the filing of a copy of an order of the Supreme Court denying the petition for writ of certiorari the mandate shall issue immediately. A bond or other security may be required as a condition to the grant or continuance of a stay of the mandate.

6. "A petition for a stay of the issuance of mandate shall not be granted simply upon request. A stay shall not issue unless the petition sets forth facts showing good cause for the relief sought." D.C. Cir.Gen. Rule 14(b) (1978).

7. For the information of counsel we noted this fact in our judgment disposing of the appeals.

8. With the problem adjudicated for the instant cases by today's action, we will ask the Judicial Council for this circuit to settle it for the future. See 28 U.S.C. § 332(d) (1976).

over, there is no need for anyone to undertake at this time a resolution of the procedural dilemma the parties have posed, for it is clear to us that were there a motion for stay of the mandate we would be obliged to grant it. We have examined the petitions for certiorari and find that the issues they tender are substantial; resultantly, we must conclude that there exists good cause to justify staying the mandate pending disposition of the petitions. We say this without any inclination toward issuance of such a stay *sua sponte*. Rather, our purpose is to point out that there is no occasion to consider the propriety of the Clerk's automatic retention of the mandate when it is evident in the circumstances here that a stay would be available merely for the asking.

We thus leave the Clerk's action undisturbed, but we hasten to make plain our view that the consequence is simply that the mandate will not issue immediately, and not that appellants could not be called upon to respond to the Commission's directives while the petitions for certiorari are pending. When we ordered replies to the Commission's motion, we instructed all parties to address

> the relationship between a stay of issuance of the mandate and the operation of the District Court's orders granting enforcement of the Federal Trade Commission's report orders; and [the] effect, if any, . . . a stay of the mandate [would] have on the enforcement of the Commission's orders[.] [9]

To insure that no one will be mislead by our disposition of the motion, we elucidate the course of our reasoning on that score.

## II

The starting point is a resume of the events operative in this connection. The District Court entered final judgment directing obedience to the Commission's Line of Business Report orders within 150 days and with the Corporate Patterns Report

orders within 90 days, subject to any extensions by the Commission. The District Court denied motions for stays of these orders pending appeals to this court and we, in turn, did likewise. An application for a stay was thereafter made to the Supreme Court, but only in the *Corporate Patterns Report* case. A temporary stay was granted by Chief Justice Berger, and somewhat later Justice Brennan extended the stay pending "final disposition" of the appeal in that case by this court.

During oral argument before us, appellants urged reconsideration of their motion in this court for a stay of the District Court's enforcement order respecting the Line of Business Report program. After initial Commission extensions of the compliance deadline therefor, we issued a stay until further order to preserve the status quo while the litigation was under submission. When, subsequently, our opinion and judgment affirming the District Court were announced, we directed compliance with the District Court's orders within 30 days thereafter. Within the 30–day period, we granted another stay of those orders to enable consideration of the Commission's motion for issuance of the mandate.

## III

Thus coming to the fore is the question whether the Clerk's withholding of the mandate of this court itself operates to stay compliance with the District Court's enforcement orders in these cases. Appellants have foregone any request for a further stay of these orders in the apparent belief that non–issuance of the mandate, standing alone, will have that effect. We do not share that view.

■ It is well established that the District Court is without jurisdiction to alter a judgment of its own while an appeal therefrom is ongoing.[10] But it is equally clear

**9.** *In re FTC Line of Business Report Litigation, supra* note 1 (order of Aug. 3, 1978).

**10.** *Smith v. Pollin,* 90 U.S.App.D.C. 178, 179, 194 F.2d 349, 350 (1952); *Bush v. United Bene-* *fit Fire Ins. Co.,* 311 F.2d 893, 894 (5th Cir. 1963); *Asher v. Harrington,* 461 F.2d 890, 895 (7th Cir. 1972); *In re Fed. Facilities Realty Trust,* 227 F.2d 651, 653–654 (7th Cir. 1955); *Janousek v. Doyle,* 313 F.2d 916, 920 (8th Cir.

that the vitality of that judgment is undiminished by pendancy of the appeal. Unless a stay is granted either by the court rendering the judgment or by the court to which the appeal is taken, the judgment remains operative.[11] To be sure, for as long as the appellate court retains its mandate it maintains its jurisdiction over the case,[12] and thus the power to alter the mandate.[13] But non–issuance of the mandate by the appellate court has no impact on the trial court's powers to enforce its unstayed judgment since the latter court has retained that power throughout the pendancy of the appeal.[14]

■ We could, of course, vacate our current stay of the District Court's orders and thereby restore that court's ability to enforce it. We are constrained, however, under the present circumstances to continue the stay until such time as the Supreme Court disposes of the petitions for writs of certiorari. When, shortly after the cases arrived here, we denied appellants' motions for stays, it was our view that the impediment to the Commission's statutory obligations resulting from materially delayed implementation of these reporting programs outweighed any injury feared by appellants,

but conditions have since changed significantly. The appellate process in this court has been completed; the questions presented to the Supreme Court, as we have said, are substantial; and the likelihood is that Supreme Court action on the petitions is relatively near at hand. In light of that Court's decision to issue a stay in *Corporate Patterns Report* for the duration of the appeal here, refusal to further stay the orders in these cases for the ostensibly short period prior to Supreme Court disposition of the petition hardly seems indicated. In sum, we think the balance of the equities now favors a continued stay of the District Court's orders–so much so that we should act *sua sponte*.

1963); *Merritt–Chapman & Scott Corp. v. City of Seattle*, 281 F.2d 896, 898–899 (9th Cir. 1960); *Petusky v. Rampton*, 431 F.2d 378, 381 (10th Cir. 1970), *cert. denied*, 401 U.S. 913, 91 S.Ct. 882, 27 L.Ed.2d 812 (1971); see generally 9 J. Moore, Federal Practice ¶ 203.11, at 734–736 (2d ed. 1948).

11. *Hovey v. McDonald*, 109 U.S. 150, 161, 3 S.Ct. 136, 143, 27 L.Ed. 888, 891–892 (1883) ("an appeal from a decree granting, refusing or dissolving an injunction does not disturb its operative effects"); *Gullett v. Gullett*, 85 U.S. App.D.C. 12, 14, 174 F.2d 531, 533 (1949); *Weston Lighting Corp. v. Smoot–Holman Co.*, 352 F.2d 1019, 1020–1021 (9th Cir. 1965); *United States v. City of Chicago*, 411 F.Supp. 218, 246 (N.D.Ill.1976), *modified*, 549 F.2d 415 (7th Cir. 1977). See also 9 J. Moore, Federal Practice ¶ 208.03, at 1407–1408 (2d ed. 1948):

The only consequence of failing to obtain a stay is that the prevailing party may treat the judgment of the district court as final, notwithstanding that an appeal is pending. If the judgment awards money or property, it may be executed upon unless stayed; if it

awards an injunction, the injunction is effective unless stayed; if it refuses an injunction, the prevailing party may engage in the conduct that was sought to be restrained unless an injunction pending appeal is obtained. . . . (footnotes omitted).

12. *Burget v. Robinson*, 123 F. 262, 264 (1st Cir.), *cert. denied*, 188 U.S. 739, 23 S.Ct. 848, 47 L.Ed. 677 (1903); *Alphin v. Henson*, 552 F.2d 1033, 1035 (4th Cir.), *cert. denied*, 434 U.S. 823, 98 S.Ct. 67, 54 L.Ed.2d 80 (1977); *Meredith v. Fair*, 306 F.2d 374, 376 (5th Cir.), *order enjoining interference with Court of Appeals mandate and vacating stay*, 83 S.Ct. 10, 9 L.Ed.2d 43 (Black, J., in chambers), *cert. denied*, 371 U.S. 828, 83 S.Ct. 49, 9 L.Ed.2d 66 (1962); *Omaha Elec. Light & Power Co. v. City of Omaha*, 216 F. 848, 855 (8th Cir. 1914).

13. *Burget v. Robinson, supra* note 12, 123 F. at 264; *Omaha Elec. Light & Power Co. v. City of Omaha, supra* note 12, 216 F. at 856.

14. See authorities cited *supra* note 11.