GEORGE E. BURDICK, Appellant, *v.* TOM F. NICHOLSON, Respondent.

No. 14833

May 10, 1984 680 P.2d 589

*Jones, Jones, Bell, Close & Brown,* and *Susan Williams Scann,* Las Vegas, for Appellant.

*Tony Terry,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order granting summary judgment for respondent.

On January 21, 1972, appellant filed a complaint in Pitt County, North Carolina, alleging that respondent alienated the affections of appellant's wife. When respondent failed to answer, the North Carolina court entered a default judgment for appellant in the amount of $25,000.00.

On January 31, 1979, appellant filed suit in Nevada to enforce his judgment. Respondent answered and subsequently moved for summary judgment on the ground that the public policy of Nevada prohibited enforcing a judgment based on a cause of action for alienation of affections. *See* NRS 41.370-41.420. The district court agreed with respondent and entered its order granting summary judgment.

On appeal appellant contends that the full faith and credit clause requires that Nevada give effect to the North Carolina judgment. *See* U.S. Const., art. IV, § 1. He contends that by granting the summary judgment on the ground that the North Carolina judgment violated the public policy of Nevada, the lower court violated the full faith and credit clause. We agree.

A judgment entered in one state must be respected in another state, provided that the first state had jurisdiction over the parties and the subject matter of the suit. Underwriters Assur. Co. v. North Carolina Life, 455 U.S. 691 (1982). This is true even

though the cause of action upon which the judgment is based would not be cognizable in the forum state. Morris v. Jones, 329 U.S. 545, 551 (1947); Milwaukee County v. White Co., 296 U.S. 268 (1935); Fauntleroy v. Lum, 210 U.S. 230 (1908). It should additionally be noted that the action to enforce the judgment is an action to enforce a debt, not the underlying cause of action. Therefore, the public policy of this state, as set forth in NRS 41.370-41.420, is not violated by allowing the judgment to be enforced in this state. *See* Parker v. Hoefer, 142 N.E.2d 194 (N.Y. 1957). The lower court consequently erred in granting summary judgment. Accordingly, we reverse the order granting summary judgment and remand the case for further proceedings to determine whether the North Carolina judgment is otherwise enforceable.