**Nancy T. FRANCIS, Plaintiff–Appellant,**

v.

**Rebecca Russell FRANCIS, Defendant–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Dec. 11, 1996.

Permission to Appeal Denied by Supreme Court May 5, 1997.

Clyde A. Dunn, Newport, for Plaintiff–Appellant.

Roy T. Campbell, Jr., Newport, for Defendant–Appellee.

## OPINION

FRANKS, Judge.

This action was brought to enforce a monetary judgment obtained by plaintiff in North Carolina against the defendant.[1]

Defendant filed a motion to dismiss stating *inter alia* that the judgment was obtained without jurisdiction over defendant in the state of North Carolina, and "because an action for alienation of affections has been abolished by statute in Tennessee and is no longer recognized in this state."

Without conducting an evidentiary hearing, the Trial Court dismissed the action on the grounds that "the North Carolina Judgment is contrary to public policy in Tennessee ... This Court finding that the judgment in the state of North Carolina was based upon the tort of alienation of affections which has been abolished in this state and is therefore not entitled to full faith and credit in the courts of this state."

Plaintiff has appealed, insisting that her judgment is entitled to full faith and credit under the Federal Constitution and defen-

---

1. This action was not filed pursuant to the Enforcement of Foreign Judgments Act, T.C.A. § 26–6–101, *et seq,* but as an action to enforce a judgment which right is preserved in T.C.A. § 26–6–107.

dant insists that since both the general assembly and the Tennessee Supreme Court has abolished the common law tort of alienation of affections, that as a matter of public policy a judgment based on the tort of alienation of affections from a sister state should not be enforced in the courts of Tennessee.

■ While Tennessee cases state that a "strong public policy" creates an exception to the enforcement under the full faith and credit clause, we have been cited no case from this jurisdiction that has refused to enforce a judgment of a sister state on that ground. *See Four Seasons Gardening and Landscaping v. Crouch,* 688 S.W.2d 439 (Tenn.App.1984). In *Crouch,* Judge Koch noted that "the more well reason rule, embodied in the Restatement Section of Conflicts of Law, Section 17 (1969) is that a valid judgment rendered in one state should be recognized and enforced in another state, even though the latter states strong public policy would have precluded recovery if the action had been filed originally in the courts of that state". (Citations omitted).

Sister states which have abolished this cause of action consistently give full faith and credit to judgments based on alienation of affections actions rendered in other states. *See e.g., Parker v. Hoefer,* 2 N.Y.2d 612, 162 N.Y.S.2d 13, 142 N.E.2d 194 (1957); *Burdick v. Nicholson,* 100 Nev. 284, 680 P.2d 589. In *Burdick* the Nevada Supreme Court reasoned that the action to enforce judgment was an action to enforce payment of a debt.

In *Hotel Ramada of Nevada, Inc. v. Thakkar,* 1991 WL 135471 (Tenn.App. Filed in Knoxville, July 25, 1991, permission to appeal denied by Supreme Court, January 6, 1992), this court gave full faith and credit to a judgment obtained in the United States District Court in Nevada, which was based upon a gambling contract. In *Thakkar* defendant relied on T.C.A. § 29–19–101–106, which provides that contracts founded on gambling or wagering considerations are void, proscribed collection of gambling debts, as well as under certain circumstances, authorize wives and creditors to sue for recovery of gambling losses. Also, one form of gambling, a lottery,

is specifically proscribed by the State Constitution, Art. 11, § 5; however, we held the Nevada judgment was entitled to full faith and credit under the Federal Constitution.

While there is a clear difference between the substantive laws of Tennessee and North Carolina, there was no expression of a public policy by either the legislature or the Supreme Court, in the act or case abolishing the cause of action, proscribing the enforcement of a sister state's judgment based on this tort.[2] Causes of action sounding in tort vary widely from state to state as to what acts constitute a cause of action and as to elements of damages. Accordingly, we conclude: the mere fact that this jurisdiction has abolished the cause of action based upon alienation of affections is not a basis to deny full faith and credit to a judgment of a sister state based upon that cause of action. *See generally* 44 A.L.R.3d 960, and 31 A.L.R.4th 706.

■ As we have noted, this action is to enforce a judgment of a sister state, and no answer having been filed or evidence heard, we conclude that it was inappropriate to dismiss the action as a matter of law. The burden is on plaintiff to prove she has a valid North Carolina judgment. Accordingly, we vacate the order of dismissal in all respects, and remand for further proceedings consistent with this opinion. If upon trial, the judgment is proven and found to be a valid judgment, then as we have noted it would be entitled to full faith and credit in this jurisdiction.

The costs of the appeal are assessed to the appellee, and the cause remanded.

GODDARD, P.J., and CLIFFORD E. SANDERS, Senior Judge, concur.

---

2. *See* T.C.A. § 36–3–701 and *Dupuis v. Hand,* 814 S.W.2d 340 (Tenn.1991).