IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 19, 2002 Session

# TRENT WRIGHT MARCUS v. LORRAINE BURTON SPIERS MARCUS

**Appeal from the Circuit Court for Shelby County**
**No. 305781-6 TD     George H. Brown, Jr., Judge**

---

**No. W2001-00906-COA-R3-CV - Filed July 30, 2002**

---

This case involves a petition to enroll a foreign judgment. The parties were married in Tennessee and later moved to North Carolina. While living in North Carolina, the parties separated and the husband filed for divorce in North Carolina. The wife filed a counterclaim for divorce in North Carolina, seeking permanent and *pendente lite* alimony. The North Carolina court ordered the husband to pay *pendente lite* alimony. While the North Carolina proceedings were pending, husband moved to Arkansas and obtained a divorce in Arkansas. In light of the Arkansas divorce, the wife filed a voluntary dismissal of her North Carolina counterclaim. The husband then filed a motion in North Carolina under a North Carolina statute, seeking reimbursement of the *pendente lite* alimony he had paid to the wife. The North Carolina court entered a judgment ordering the wife to reimburse the husband for the alimony payments. The wife did not file an appeal in North Carolina. The husband then filed a petition to enroll the North Carolina judgment in Tennessee. The Tennessee trial court enrolled the North Carolina judgment. The wife now appeals. We affirm, finding that the North Carolina court had subject matter jurisdiction under its statutes to enter the judgment and that the North Carolina judgment was not contrary to Tennessee public policy.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Edward M. Bearman, Memphis, Tennessee, for the appellant, Lorraine Burton Spiers Marcus.

Daniel Loyd Taylor and John N. Bean, Memphis, Tennessee, for the appellee, Trent Wright Marcus.

## OPINION

Plaintiff/appellee Trent Wright Marcus ("Husband") and defendant/appellant Lorraine Burton Spiers Marcus ("Wife") were married in Memphis in December 1990. In July 1991, the parties moved to Winston-Salem, North Carolina. In the fall of 1992, the parties separated and Husband filed a divorce complaint in North Carolina seeking custody of the parties' minor child, child

support, and distribution of the marital property. Wife counterclaimed in North Carolina, also seeking custody and support of the minor child and distribution of the parties' marital property and, in addition, permanent and *pendente lite* alimony. On March 16, 1993, the North Carolina court entered an order requiring Husband to pay $500 per month to Wife in *pendente lite* alimony. On November 22, 1994, the amount of *pendente lite* alimony was modified to $1000 per month.

Husband later relocated to Arkansas and filed for divorce in Arkansas. The North Carolina proceedings remained pending. The Arkansas Chancery Court granted a divorce to the parties on December 21, 1994. In light of this, on April 19, 1995, Wife filed a voluntary dismissal of her counterclaim for divorce in the North Carolina proceeding.

Subsequently, in the North Carolina court, Husband filed a motion pursuant to North Carolina General Statutes § 50-16.11.[1] This statute provides that, in a divorce proceeding, if a final judgment is entered which denies alimony because none of the grounds for alimony exist, the payor spouse may obtain reimbursement from the payee spouse of alimony payments made. Wife asserts that she submitted a pro se response to Husband's motion; however she did not appear for the hearing on the motion. The North Carolina court found that it had "jurisdiction over the parties and the subject matter in this action" and that Wife's voluntary dismissal was sufficient to establish that none of the grounds for alimony existed.[2] On April 19, 1996, the North Carolina trial court entered judgment, granting Husband's motion and ordering Wife to reimburse Husband $23,000 for alimony paid under the court's previous order. Wife did not file an appeal of this judgment in North Carolina.

On December 3, 1999, Husband filed a petition in Tennessee Circuit Court to enroll the North Carolina judgment. In her response to the Tennessee petition, Wife asserted that the North Carolina court lacked both personal and subject matter jurisdiction and that, therefore, the North Carolina judgment was not valid. On October 24, 2000, the Tennessee trial court conducted a hearing on the petition and entered an order enrolling the North Carolina judgment in Tennessee. Wife then filed a motion to alter or amend the judgment. This was denied by order dated March 20, 2001. From this order, Wife now appeals.

---

[1] North Carolina General Statutes § 50-16.11 provides:

> If a final judgment is entered in any action denying alimony because none of the grounds specified in G.S. 50-16.2 exists, upon motion by the supporting spouse, the court shall enter a judgment against the spouse to whom the payments were made for the amount of all alimony paid by the supporting spouse to that spouse pending a final disposition of the case.

[2] North Carolina General Statutes § 50-16.11 was repealed on October 1, 1995. However, the repeal "[did] not apply to *pending* litigation, or to future motions in the cause seeking to modify orders or judgments in effect on October 1, 1995." 1995 N.C. Sess. Laws 319, § 1 (emphasis added). Therefore, the repeal of the statute does not affect this appeal.

On appeal, Wife argues that the Tennessee trial court erred by enrolling the North Carolina judgment. Wife contends that the North Carolina court was without subject matter jurisdiction and that the statute which is the basis for the judgment is contrary to Tennessee public policy. In addition, Wife argues that Husband should be barred from enrolling the North Carolina judgment based on the doctrine of "unclean hands."

Since the issues presented by this case are purely questions of law, our review is de novo upon the record before this Court with no presumption of correctness. *Ridings v. Ralph M. Parsons Co.*, 914 S.W.2d 79, 80 (Tenn. 1996).

Wife first argues that the divorce decree entered in Arkansas deprived the North Carolina court of subject matter jurisdiction to order reimbursement. Wife contends that the Arkansas divorce decree superseded the North Carolina order for *pendente lite* alimony and, thus, the alimony matter was no longer *pending* when Husband filed his motion seeking reimbursement.

The procedure for domesticating a foreign judgment is set forth in the Uniform Enforcement of Foreign Judgments Act, Tennessee Code Annotated §§ 26-6-101 thru 107 (2000) ("The Act"). Tennessee Code Annotated § 26-6-104 provides:

> (a) A copy of any foreign judgment authenticated in accordance with the acts of congress or the statutes of this state may be filed in the office of the clerk of any circuit or chancery court of this state.
>
> (b) The clerk shall treat the foreign judgment in the same manner as a judgment of a court of record of this state.
>
> (c) A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be enforced or satisfied in like manner.

Thus, "[u]nder the terms of [the Act], the courts of this State will presume, absent proper proof to the contrary, that the decrees of the courts of record of any sister states are valid." *Four Seasons Gardening & Landscaping, Inc. v. Crouch*, 688 S.W.2d 439, 441-442 (Tenn. Ct. App. 1984). The party challenging the validity of a foreign judgment faces a "stern and heavy burden" in showing that the foreign judgment is not entitled to full faith and credit. *Dement v. Kitts*, 777 S.W.2d 33, 36 (Tenn. Ct. App. 1989). In *Biogen Distrib., Inc. v. Tanner*, this Court held:

> Foreign judgments are ordinarily entitled to full faith and credit in Tennessee's courts. However, Tenn. Code Ann. § 26-6-104(c) states that they are subject to the same defenses and may be vacated or reopened on the same grounds and procedures used to vacate or reopen Tennessee judgments. Thus, the grounds and procedures

for vacating or reopening foreign judgments are those contained in Tenn. R. Civ. P. 60.02.

Tenn. R. Civ. P. 60.02(3) states that a final judgment may be set aside if it is void. Therefore, not surprisingly, the two most common circumstances when courts will refuse to give full faith and credit to a foreign judgment are when the court entering the foreign judgment had no personal or subject matter jurisdiction and when enforcing the judgment would be contrary to Tennessee's public policy.

***Biogen Distrib., Inc. v. Tanner***, 842 S.W.2d 253, 256 (Tenn. Ct. App. 1992) (citations omitted).

A party seeking to challenge the jurisdiction of a foreign court "must demonstrate that the foreign court did not acquire jurisdiction under the law of the state where the judgment was obtained." ***Id.*** In this case, the North Carolina court recognized that a final divorce had been granted in Arkansas, but nevertheless found that it had jurisdiction to order reimbursement of the *pendent lite* alimony under North Carolina General Statutes § 50-16.11. The language of North Carolina General Statutes § 50-16.11 does not indicate  that a final divorce decree entered by another state deprives the North Carolina court of subject matter jurisdiction to order reimbursement of *pendente lite* alimony paid under a North Carolina court order. We must conclude that Wife has failed to meet her "stern and heavy burden" of establishing that the North Carolina court lacked subject matter jurisdiction to enter the judgment which Husband now seeks to enroll in Tennessee.

Wife also contends that the North Carolina court did not have subject matter jurisdiction under North Carolina General Statutes § 50-16.11 because the Arkansas divorce decree, as the final judgment, does not "deny[] alimony because none of the grounds specified in G.S. 50-16.12 exists." The North Carolina reimbursement order indicates that the basis of the order was Wife's voluntary dismissal of her North Carolina counterclaim, rather than the Arkansas divorce decree. The North Carolina order indicates that Wife's voluntary dismissal was the "final judgment. . .denying alimony because none of the grounds specified in G.S. 50-16.2 exists." ***See Riviere v. Riviere***, 517 S.E.2d 673, 675-676 (N.C. Ct. App. 1999) (rejecting defendant wife's argument that "a voluntary dismissal was not a final judgment since there was no determination of whether any of the fault grounds stated in North Carolina General Statutes section 50-16 existed"). The fact that Wife's voluntary dismissal of her counterclaim was the basis for the reimbursement order does not indicate that the North Carolina court lacked subject matter jurisdiction.

Wife next argues that the North Carolina judgment violated Tennessee public policy in that "Tennessee has no public policy allowing for reimbursement of alimony pendente lite under such circumstances as exist in this case." An analogous situation was presented in ***Francis v. Francis***, 945 S.W.2d 752 (Tenn. Ct. App.1996). In ***Francis***, the Court addressed whether a Tennessee court should enforce a North Carolina judgment based on the common law tort of alienation of affections,

a tort which had been abolished in Tennessee by both the Tennessee General Assembly and the Tennessee Supreme Court. *Francis*, 945 S.W.2d at 753. Citing the case of *Hotel Ramada of Nevada, Inc. v. Thakkar*, 1991 WL 135471 (Tenn. Ct. App. July 25, 1991) (holding that a foreign judgment to enforce gambling debts was entitled to full faith and credit in Tennessee), the *Francis* Court held:

> While there is a clear difference between the substantive laws of Tenneessee and North Carolina, there was no expression of a public policy by either the legislature or the Supreme Court, in the act or case abolishing the cause of action, proscribing the enforcement of a sister state's judgment based on this tort...Accordingly, we conclude: the mere fact that this jurisdiction has abolished the cause of action based upon alienation of affections is not a basis to deny full faith and credit to a judgment of a sister state based upon that cause of action.

*Francis*, 945 S.W.2d at 753 (citations omitted). *See also Four Seasons Gardening & Landscaping, Inc.*, 688 S.W.2d at 445 ("[T]he judgment of the court of another state does not necessarily violate the public policy of this State merely because the law upon which it is based is different from our law."). Tennessee does not have similar procedure for reimbursing *pendente lite* alimony. However, we cannot conclude that the North Carolina statute is repugnant to Tennessee public policy.

Wife argues that enforcing the foreign judgment would cause Wife to become a public charge as a result of the parties' divorce and that this is contrary to Tennessee public policy. *See Cary v. Cary*, 937 S.W.2d 777, 782 (Tenn. 1996) (holding that a provision in an antenuptial agreement waiving alimony is not void as contrary to Tennessee public policy unless enforcement of the provision would render the waiving spouse a public charge). The record in this case includes no evidence to support Wife's assertion. This argument is without merit.

Wife next contends that Husband "has been less than candid with the North Carolina Court" and, thus, he should be barred from enrolling the North Carolina judgment based on the doctrine of "unclean hands." This argument may have been pertinent had Wife chosen to appear before the North Carolina trial court or appeal the judgment in North Carolina. However, Wife chose not to do so. This argument is simply not pertinent to whether the Tennessee court should give full faith and credit to the North Carolina judgment. While the North Carolina judgment in this case seems harsh and even unfair, we are constrained to conclude that the trial court did not err in according full faith and credit to the North Carolina judgment.

Lastly, Husband requests attorney's fees, asserting that "the issues raised in this appeal are without merit." This request is denied.

The decision of the trial court is affirmed. Costs of this appeal are taxed to the appellant, Lorraine Burton Spiers Marcus, and her surety, for which execution may issue, if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE