*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION: 2002 FED App. 0087P (6th Cir.)
File Name: 02a0087p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

CONDAIRE, INC.,
          *Plaintiff-Appellant,*

          *v.*

ALLIED PIPING, INC.,
          *Defendant-Appellee,*

NBD BANK, a Michigan
banking corporation,
          *Garnishee*
          *Defendant-Appellee.*

No. 00-1855

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 97-70870—Lawrence P. Zatkoff, Chief District Judge.

Argued: November 30, 2001

Decided and Filed: March 12, 2002

Before: RYAN, BOGGS, and DAUGHTREY, Circuit
Judges.

---

**COUNSEL**

**ARGUED:** Stuart J. Rice, Jr., RICE, RICE & GILBERT, Bingham Farms, Michigan, for Appellant. Frederick A. Berg, KOTZ, SANGSTER, WYSOCKI & BERG, Detroit, Michigan, Scott A. Wolfson, HONIGMAN, MILLER, SCHWARTZ & COHN, Bingham Farms, Michigan, for Appellees. **ON BRIEF:** Stuart J. Rice, Jr., RICE, RICE & GILBERT, Bingham Farms, Michigan, for Appellant. Frederick A. Berg, Christopher J. Breay, KOTZ, SANGSTER, WYSOCKI & BERG, Detroit, Michigan, Scott A. Wolfson, HONIGMAN, MILLER, SCHWARTZ & COHN, Bingham Farms, Michigan, for Appellees.

---

**OPINION**

---

RYAN, Circuit Judge.  This case requires us to consider how registration in the United States District Court for the Eastern District of Michigan, under 28 U.S.C. § 1963, affects the enforcement of a valid judgment obtained in the United States District Court for the Eastern District of Missouri.  We conclude that the plain language of the statute, in combination with FED. R. CIV. P. 69(a), requires the application of Michigan law in the enforcement proceedings of a judgment registered pursuant to 28 U.S.C. § 1963.  Because the district court did not apply Michigan law in the enforcement proceeding, we will order that the decision of the court be vacated and remanded for a determination of the parties' rights under the Michigan Building Contract Fund Act, MICH. COMP. LAWS § 570.151.

**I.**

NBD Bank held a perfected security interest in the present and future accounts receivable of Allied Piping, Inc., by filing a financial statement with the Secretary of State in Lansing,

to the judicial jurisdiction of the state and the personal property to be applied is within the boundaries of this state.

MICH. COMP. LAWS § 600.4011(1)(a). Further, "[i]f there is a dispute regarding the garnishee's liability or if another person claims an interest in the garnishee's property or obligation, the issue shall be tried in the same manner as other civil actions." MICH. CT. R. 3.101(M)(1).

Condaire contends that the Michigan Building Contract Fund Act prioritizes its judgment lien over any interest NBD may claim to the transferred funds. Initially we recognize that the Act is remedial in nature and should be construed liberally for the advancement of the remedy. *DiPonio Constr. Co. v. Rosati Masonry Co.*, 631 N.W.2d 59, 63 (Mich. Ct. App. 2001). In general, the Act imposes a trust upon building contract funds and prohibits a contractor from retaining or using construction payments from a particular project until all laborers, subcontractors, and materialmen who worked on the project are paid. *Huizinga v. United States*, 68 F.3d 139, 144 (6th Cir. 1995). We conclude that consistent with precedent in this circuit as well as with established case law in other circuits, Condaire is entitled to all remedies available under Michigan law in the enforcement proceeding brought pursuant to 28 U.S.C. § 1963, including the Michigan Building Contract Fund Act. Because the district court did not consider the application of Michigan law or the Act in Condaire's garnishment action, we will remand the case for a determination of the parties' rights and liabilities under the Act.

## IV.

For the above stated reasons, the judgment of the district court is **VACATED** and the case is **REMANDED** for a determination of the parties' rights under the Michigan Building Contract Fund Act.

Michigan, on October 7, 1993. Allied granted NBD the security interest in exchange for a $1,500,000 working capital loan. Allied initially entered into a contract to provide construction services to AEG Automation Systems Corp., which operated as the general contractor at Chrysler's St. Louis assembly plant in Fenton, Missouri. Condaire, Inc., a Missouri corporation, subcontracted with Allied, a Michigan corporation, to provide materials and equipment in connection with piping assembly and installation work at the St. Louis plant. Upon completion of the St. Louis project, Allied owed an estimated $820,279 to its subcontractors and suppliers.

When Allied failed to make the required payments under the contract, Condaire filed an action in the United States District Court for the Eastern District of Missouri to recover the amount due it, or $111,418.10. Pursuant to a settlement agreement, Allied was required to make a payment of $31,460.34 before June 30, 1996, and a second payment of $79,957.76 before December 15, 1996. Allied made the first payment, but did not remit the second payment. Consequently, Condaire filed a motion for judgment in accordance with the settlement agreement. A magistrate judge ordered Allied to pay $79,957.76, plus nine percent annual interest.

Before this order was entered, Allied brought an action against AEG in the circuit court of St. Louis County, Missouri, for monies due under their separate 1994 contract. Allied and AEG entered into a settlement agreement requiring AEG to pay $98,948.17 to Allied via NBD Bank. NBD received the funds from AEG, but instead of paying Allied, the bank applied them against a loan balance Allied owed NBD.

Pursuant to 28 U.S.C. § 1963, Condaire filed a petition for registration of the Missouri judgment in the United States District Court for the Eastern District of Michigan, and subsequently served NBD with a writ of garnishment. NBD served its garnishment disclosure on Condaire indicating that it was indebted on an account in the name of Allied in the

amount of $3,104.57. Then, in an amended disclosure, NBD denied any indebtedness to Condaire and indicated that the $3,104.57 was applied as a setoff against Allied's indebtedness, in the amount of $150,000, to NBD pursuant to the terms of their original loan agreement.

When NBD refused to pay, Condaire filed a motion for summary judgment in the United States District Court for the Eastern District of Michigan, seeking recovery of the $79,957.76, plus statutory interest under the Michigan Building Contract Fund Act, MICH. COMP. LAWS § 570.151. NBD filed a cross-motion for summary judgment asserting that Missouri law governed the relationship between Condaire and Allied and consequently the Act did not apply.

The magistrate judge, in his report and recommendation, denied Condaire's motion for summary judgment and granted the defendants' cross-motion for summary judgment, holding that under Michigan choice of law rules, the Restatement (Second) of Conflict of Laws § 188 (1971) mandated the application of Missouri law to the relationship between Allied and Condaire. The district court judge essentially made a wholesale adoption of the magistrate judge's recommendations and Condaire filed this timely appeal.

## II.

### A.

This court reviews an order granting summary judgment *de novo*. *Hall v. Tollett*, 128 F.3d 418, 421 (6th Cir. 1997). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

### B.

At oral argument, Condaire emphasized that the district court erred when it applied Michigan choice of law rules and

was available in the enforcement proceeding. *Gullet*, 188 F.2d at 720-21.

The laws of the registering court apply, even when the court rendering the underlying judgment does not allow for similar execution proceedings. 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3012 (2d ed. 1997). A discussion in the *American Law Reports* states:

> The advantages of more favorable execution procedures in another jurisdiction may be available to a plaintiff under 28 USC § 1963, since a judgment creditor can pursue *all enforcement remedies* available under the law of the jurisdiction of registration. Hence, local garnishment can be used in enforcing the registered judgment of another court, regardless of the remedies in the jurisdiction of rendition.

B.H. Glenn, Annotation, *Construction and Effect of Provision of 28 USC § 1963 for Registration in Federal District Court of Judgment of Another District*, 1 A.L.R. FED. 326, 330-31 § 2(b) (2000) (emphasis added). Plaintiffs who have registered their judgments pursuant to § 1963, therefore, can take advantage of all of the remedies available under the registering court's state law. To hold otherwise would enable judgment-debtors to shield otherwise unreachable assets behind unique state laws. We conclude that this result, in light of the purposes of § 1963 and principles of fundamental fairness, would be manifestly unjust.

After determining that Michigan law controls in garnishment proceedings, the next question is whether this result mandates the application of the Michigan Building Contract Fund Act. As previously noted, in garnishment proceedings, Michigan law provides that a judgment-creditor may attempt to collect a judgment by garnishing

> [p]ersonal property belonging to the person against whom the claim is asserted but which is in the possession or control of a third person if the third person is subject

*Manufacturers National Bank of Detroit*, 910 F.2d 1339 (6th Cir. 1990), the plaintiff obtained a judgment against defendant construction company for unpaid employment benefit contributions in the United States District Court for the Central District of California. *Id.* at 1340. The plaintiff subsequently registered this judgment in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1963. *Id.* The plaintiff then filed with the district court and served on defendant's bank, Manufacturers, an affidavit and writ of garnishment after judgment, seeking to levy on defendant's bank accounts. *Id.* Upholding the application of Michigan law, this court held that "[i]n accordance with FED. R. CIV. P. 69(a), . . . a judgment-creditor may attempt to collect a judgment by garnishing property belonging to the judgment-debtor that is in the possession or control of a third party." *Id.* (citing MICH. COMP. LAWS § 600.4011; Mich. Ct. R. 3.101).

Other circuit courts have reached a similar conclusion. Most recently, in *Pacific Reinsurance Management Corp. v. Fabe*, 929 F.2d 1215 (7th Cir. 1991), the Seventh Circuit considered whether assets held in trust in Illinois were available to satisfy a California judgment registered in the Northern District of Illinois pursuant to 28 U.S.C. § 1963. *Id.* at 1216-17. Citing FED. R. CIV. P. 69(a), the court concluded, "Once a judgment has been registered, state law [of the registering court] determines which assets may be reached." *Id.* at 1219. Quoting the district court judge, the Seventh Circuit agreed that the registering court's law must apply because "'the trust's very purpose is to satisfy . . . creditors; otherwise, such transfer in trust would have been in fraud of creditors.'" *Id.* Two earlier circuit court decisions underscore this conclusion. First, in *Stanford*, the Eighth Circuit concluded that after registering a Mississippi judgment in the United States District Court for the Eastern District of Missouri, that Missouri law governed the enforcement proceeding. *Stanford*, 341 F.2d at 268. Second, in *Gullet*, the Fifth Circuit concluded that following registration in the Southern District of Florida, Florida's garnishment remedy

the Restatement (Second) of Conflict of Laws § 188 to its registered judgment. Condaire contends that registration of the Missouri judgment pursuant to 28 U.S.C. § 1963 in the Eastern District of Michigan creates a judgment, wholly independent of the underlying Missouri breach of contract action; specifically, that the registered judgment in the Eastern District of Michigan is properly characterized as an enforcement action to which this court should apply Michigan law. NBD and Allied contend that the district court did not err when it held that there is no basis for applying Michigan law and specifically the Michigan Building Contract Fund Act to the Condaire-Allied relationship. NBD and Allied contend that, without the protection of the Act, Condaire's interest in the transferred funds is subject to NBD's first-priority perfected security interest, and therefore, the district court properly dismissed the garnishment proceeding.

### III.

Before the enactment of 28 U.S.C. § 1963, litigants who had obtained a valid judgment and wanted to recover money or property located in another district were generally required to bring an action on the judgment and to obtain a new judgment of the forum. *Home Port Rentals, Inc. v. Int'l Yachting Group, Inc.*, 252 F.3d 399, 404 (5th Cir. 2001). Hoping to simplify the process of enforcing judgments, Congress enacted 28 U.S.C. § 1963 (1948). As amended, the statute provides in relevant part:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . . *A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner*.

28 U.S.C. § 1963 (West Supp. 2001) (emphasis added).

The Senate Judiciary Committee, when considering a 1954 amendment to § 1963, stated that the purpose of the statute "is that both creditors and debtors are relieved of the additional cost and harassment of further litigation which would otherwise be required by way of an action on the judgment in a district other than that where the judgment was originally obtained." S. REP. NO. 1917 (1954), *reprinted in* 1954 U.S.C.C.A.N. 3142; *see Ohio Hoist Mfg. Co. v. LiRocchi*, 490 F.2d 105, 107 (6th Cir. 1974); *Hanes Supply Co. v. Valley Evaporating Co.*, 261 F.2d 29, 30 (5th Cir. 1958). The *Hanes* court reasoned that § 1963 intends to provide the benefits of a local judgment on a foreign judgment without the expense of a second lawsuit. *Hanes*, 261 F.2d at 30. There is some scholarship to the same effect. "'It seems to be conceded that the purposes of § 1963 were to simplify and facilitate the enforcement of federal judgments, . . . to eliminate the necessity and expense of a second lawsuit, and to avoid the impediments, such as diversity of citizenship, which new and distinct federal litigation might otherwise encounter.'" Hershel Shanks & Steven A. Standiford, *Schizophrenia in Federal Judgment Enforcement: Registration of Foreign Judgments Under 28 U.S.C. § 1963*, 59 NOTRE DAME L. REV. 851, 857 (1984) (quoting *Stanford v. Utley*, 341 F.2d 265, 270 (8th Cir. 1965)).

In *Stanford*, the landmark case construing § 1963, the Eighth Circuit reasoned that § 1963 registration is the equivalent of a new judgment, and is more than a procedural device for collection on a foreign judgment. *Stanford*, 341 F.2d at 268. "To restrict registration to a procedural and collection device for the foreign judgment itself, and to have it expire with the foreign judgment, would give the words of the statute a lesser status than their plain meaning and to make registration something far inferior to a judgment on a judgment." *Id.* at 270. Moreover, "[t]he very position of the words of enforcement in the statute demonstrates that they are additive and not restrictive and that the statute has some substantive aspect and not exclusively a procedural character." *Id.* at 271. Other courts similarly hold that the judgment has "the same effect as a judgment of the

[registering] district court." *United States Hi-Way Elec. Co. v. Home Indem. Co.*, 549 F.2d 10, 13 (7th Cir. 1977) (internal quotation marks omitted); *Gullet v. Gullet*, 188 F.2d 719, 720 (5th Cir. 1951); *see* 30 AM. JUR. 2D *Executions and Enforcement of Judgments* § 927 (1994).

Having determined that registration under § 1963 is the equivalent of a new judgment, we recognize that the statute must imply similar inherent powers to the registering court to enforce those judgments. *See Peacock v. Thomas*, 516 U.S. 349, 356 (1996). The Supreme Court reasoned:

> Without jurisdiction to enforce a judgment entered by a federal court, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." In defining that power, we have approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments—including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances.

*Id.* (citation omitted). Supplementary proceedings are essential to a court's enforcement power. We now turn to the pivotal issue in this case—that is, whether the laws of the state of rendition of the judgment (Missouri) or the laws of the state of registration (Michigan) control in these supplementary proceedings.

We conclude that judgments registered pursuant to 28 U.S.C. § 1963 must be enforced in accordance with the laws of the registering state. Federal Rule of Civil Procedure 69(a) provides that procedure "on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution *shall be in accordance with the practice and procedure of the state in which the district court is held*, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable." FED. R. CIV. P. 69(a) (emphasis added). In *Carpenters Southern California Administrative Corp. v.*