IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 8, 2025 Session

## POSER INVESTMENTS, INC. v. OLD NATIONAL HOSPITALITY COMPANY ET AL.

Appeal from the Chancery Court for Montgomery County
No. MC-CH-CV-FD-17-12        Ben Dean, Chancellor

———————————————————

No. M2024-00855-COA-R3-CV

———————————————————

A judgment creditor domesticated a Georgia judgment in Tennessee under the Uniform Enforcement of Foreign Judgments Act.  When the creditor sought to enforce the domesticated judgment, the debtor raised a statute-of-limitations defense.  The trial court ruled that the enforcement action was time-barred because the limitations period began to run when the foreign judgment was rendered in Georgia.  Upon review, we conclude that domestication of the foreign judgment under the Uniform Act resulted in a new Tennessee judgment for purposes of the statute of limitations.  So we reverse the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., C.J., and ANDY D. BENNETT, J., joined.

Jacob VanAusdall, Nashville, Tennessee, for the appellant, Poser Investments, Inc.

William C. Scales, Jr., Nashville, Tennessee, for the appellee, Bharat Zaver.

### OPINION

### I.

Poser Investments, Inc. sought to domesticate and enforce a Georgia judgment in Tennessee.  On June 26, 2017, it filed notice that it was enrolling the foreign judgment under the Uniform Enforcement of Foreign Judgments Act.  *See* Tenn. Code Ann. §§ 26-6-101 to -109 (2017); TENN. R. CIV. P. 3A.01.  As required, Poser Investments filed an authenticated copy of the foreign judgment and an affidavit showing the parties' names

and last known addresses.[1]  *See* Tenn. Code Ann. §§ 26-6-104(a), -105(a); TENN. R. CIV. P. 3A.01.  By statute, execution was stayed until 30 days after service of process on the judgment debtors.  Tenn. Code Ann. § 26-6-105(c).

At the judgment creditor's request, the Tennessee court entered an "Order on Foreign Judgment."  The court found that all judgment debtors had been served with process, the last one on January 26, 2018.  It further noted that the debtors had withdrawn their objections to enrollment and enforcement of the foreign judgment.  Thus, the court decreed "that the Georgia final judgment . . . was properly domesticated as of February 26, 2018[,] and is recognized in this Court as a Tennessee judgment for enforcement purposes."

Yet when Poser Investments tried to execute on the domesticated judgment in April 2024, one of the judgment debtors, Bharat Zaver, objected.  Mr. Zaver argued that Tennessee's ten-year statute of limitations for actions on a judgment barred enforcement.  *See id.* § 28-3-110(a)(2) (2017).  According to Mr. Zaver, the limitations period began to run when the Georgia trial court entered the judgment over ten years earlier.  Poser Investments countered that a new limitations period began on February 26, 2018, when the foreign judgment was domesticated in Tennessee.  Thus, the motion to execute on the judgment lien in 2024 was timely.

The trial court ruled that the judgment creditor's motion to execute was time-barred.  It determined that the ten-year limitations period began to run in 2012 when the underlying judgment was rendered in Georgia.  This was because Poser Investments chose to enroll and enforce the foreign judgment under the Uniform Act instead of filing a "more formal common law action for enforcement that would [have] result[ed] in a new judgment for purposes of the Statute of Limitations."  The court certified the decision as final and directed Poser Investments to file an appropriate release of the expired judgment lien within 30 days.

## II.

### A.

"The United States Constitution requires that each state give full faith and credit to the . . . judicial proceedings of every other state."  *New v. Dumitrache*, 604 S.W.3d 1, 18 (Tenn. 2020) (citing U.S. CONST. art. IV, § 1).  A valid final judgment rendered by a court with jurisdiction over the parties and the subject matter "qualifies for recognition throughout the land."  *Baker ex rel. Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 233 (1998).  Even so, the enforcing state may apply its own practices "regarding the time, manner, and mechanisms for enforc[ement]."  *Id.* at 235.

---

[1] The filing included an assignment of judgment evidencing the original judgment creditor's assignment of its interest in the judgment to Poser Investments.

2

Judgments obtained in another state must be properly domesticated before enforcement in Tennessee. *Frazier v. Frazier*, 72 S.W.3d 333, 335 (Tenn. Ct. App. 2001). A foreign judgment holder has two primary options for domestication. *Barone v. Barone*, No. E2011-01014-COA-R3-CV, 2012 WL 1116320, at *4 & n.7 (Tenn. Ct. App. Apr. 3, 2012). The traditional method is to file a civil action to enforce the judgment. *See, e.g.*, *Francis v. Francis*, 945 S.W.2d 752, 752 & n.1 (Tenn. Ct. App. 1996). The alternative is to use the more "streamlined process" afforded by the Uniform Act. *See Est. of Bentley v. Byrd*, 556 S.W.3d 211, 216-17 (Tenn. Ct. App. 2018) (quoting *Baumann v. Williams*, No. M2006-00962-COA-R3-CV, 2007 WL 3375365, at *2 (Tenn. Ct. App. Nov. 13, 2007)).

The traditional method involves all the procedural formalities of a typical civil suit. *Barone*, 2012 WL 1116320, at *4. The Tennessee court will not reconsider the merits of the underlying foreign action. *Id.* But the judgment creditor must still prove that the foreign judgment is valid and entitled to full faith and credit, even if the debtor fails to respond to the complaint. *Francis*, 945 S.W.2d at 753. If the judgment creditor meets this burden, the court will issue "a new Tennessee judgment based on the foreign judgment, which is treated as a debt." *Barone*, 2012 WL 1116320, at *4.

The Uniform Act, in contrast, provides a faster and less expensive way to domesticate and enforce a foreign judgment. UNIF. ENF'T OF FOREIGN JUDGMENTS ACT prefatory note (revised 1964), 9A U.L.A. 486 (1965). A Uniform Act proceeding has two steps: enrollment and enforcement. *New*, 604 S.W.3d at 18. "The requirements for enrollment are straightforward." *Id.* The creditor must file the required documents, including an authenticated copy of the foreign judgment. Tenn. Code Ann. §§ 26-6-104(a), -105(a); TENN. R. CIV. P. 3A.01-.02. The clerk then issues a summons. Tenn. Code Ann. § 26-6-105(b); TENN. R. CIV. P. 3A.03(2). Once filed, the foreign judgment "has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be enforced or satisfied in like manner." Tenn. Code Ann. § 26-6-104(c). Absent a timely response from the judgment debtor, the creditor may enforce the judgment without obtaining an additional court order. *Id.* § 26-6-105(c); TENN. R. CIV. P. 3A.04. But the debtor who timely objects is entitled "to a trial on the merits concerning the underlying validity of the judgment." TENN. R. CIV. P. 3A.04 advisory comm'n cmt. The court must resolve any objections "by order" before the creditor may proceed with execution. *McCall v. Johnson*, No. 01A01-9408-CH-00392, 1995 WL 138898, at *2 (Tenn. Ct. App. Mar. 31, 1995).

Tennessee has a ten-year statute of limitations for "actions on judgments and decrees of courts of record of this or any other state." Tenn. Code Ann. § 28-3-110(a)(2). Interpreting a previous version of this statute, our supreme court held that the ten-year period begins to run when the judgment is rendered in the trial court because that is when the creditor has the right to enforce it. *Shepard v. Lanier*, 241 S.W.2d 587, 590-91 (Tenn. 1951). Thus, in Tennessee, a judgment creditor generally has ten years from the entry of a

domestic judgment to seek to enforce it.[2]  *Id.*  Likewise, Tennessee courts have repeatedly held that a judgment creditor has ten years from the time a foreign judgment is rendered to seek domestication in Tennessee.  *See Barone*, 2012 WL 1116320, at *6 (action on a foreign judgment); *Hart v. Tourte*, 10 S.W.3d 263, 266-67 (Tenn. Ct. App. 1999) (Uniform Act proceeding); *First Nat'l Bank of Okaloosa Cnty. v. Bay*, No. 02A01-9304-CH-00097, 1994 WL 85966, at *1 (Tenn. Ct. App. Mar. 15, 1994) (Uniform Act proceeding).

Here, Mr. Zaver does not dispute the timeliness of the Uniform Act filing.  Instead, he posits that, despite the timely domestication of the foreign judgment, Poser Investments only had ten years from the original date of entry of the Georgia judgment to seek to enforce it.  Citing the procedural differences between the two domestication methods, the trial court agreed with Mr. Zaver.  The court reasoned that Poser Investments could not claim the benefit of a new ten-year period because it domesticated the judgment using the streamlined procedure of the Uniform Act rather than the more cumbersome traditional method.  In the court's view, only the traditional method would have resulted in a new Tennessee judgment.

B.

The dispositive issue on appeal is whether domestication of a foreign judgment through the Uniform Act results in a new Tennessee judgment for purposes of the ten-year statute of limitations.[3]  Statutory interpretation is a question of law subject to de novo review.  *See Lavin v. Jordon*, 16 S.W.3d 362, 364 (Tenn. 2000).  To interpret the Uniform Act as codified in Tennessee, we give the words of the statute their "natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose."  *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012).  "When a statute's meaning is clear and unambiguous after consideration of the statutory text, the broader statutory framework, and any relevant canons of statutory construction, we 'enforce the statute as written.'"  *State v. Deberry*, 651 S.W.3d 918, 925 (Tenn. 2022) (quoting *Johnson v. Hopkins*, 432 S.W.3d 840, 848 (Tenn. 2013)).

As the trial court recognized, a creditor who domesticates a foreign judgment through a civil action obtains "a new Tennessee judgment based on the foreign judgment."  *Barone*, 2012 WL 1116320, at *4.  The Uniform Act does not require the issuance of a new Tennessee judgment.  Tenn. Code Ann. § 26-6-105(c); TENN. R. CIV. P. 3A.04.  Even so,

---

[2] Of course, a judgment creditor may seek to extend the judgment for an additional ten years.  TENN. R. CIV. P. 69.04.  Here, Poser Investments never tried to revive or extend the original judgment.

[3] Our courts have never directly addressed this issue.  *Cf. Wells Fargo Bank Nat'l Ass'n v. Searcy*, No. E2024-00238-COA-R3-CV, 2024 WL 4524781, at *5 (Tenn. Ct. App. Oct. 18, 2024) (finding it unnecessary to "weigh in" on this issue); *Oceanics Sch., Inc. v. Barbour*, 112 S.W.3d 135, 142-43 (Tenn. Ct. App. 2003) (suggesting in dicta that a judgment creditor would have "ten years from the date of entry of the domesticated judgment" to enforce a domesticated foreign judgment under the Uniform Act).

4

two Uniform Act provisions strongly suggest that a filed foreign judgment functions as a new Tennessee judgment for enforcement purposes. When a judgment creditor files a foreign judgment under the Uniform Act, the court clerk must "treat the foreign judgment in the same manner as a judgment of a court of record of this state." Tenn. Code Ann. § 26-6-104(b). Once filed, the foreign judgment "has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be enforced or satisfied in like manner." *Id.* § 26-6-104(c). The meaning of this language is clear. Instead of requiring the formal issuance of new Tennessee judgment, the Uniform Act gives the foreign judgment "the same effect . . . as a judgment of a court of record of this state." *Id.* In other words, the filed foreign judgment is the functional equivalent of a new Tennessee judgment for enforcement purposes.

Under this interpretation, both domestication methods produce the same result: a new Tennessee judgment. *See Czajka v. Holt Graphic Arts, Inc.*, 310 A.3d 1051, 1058 (D.C. 2024) (recognizing that identical statutory language could "quite reasonably be read to require that filed foreign judgments be given the same effect" as "the judgment that would have been rendered if the more cumbersome common-law procedure had been followed"). This interpretation aligns with the Uniform Act's purpose, which is to streamline, not replace, the traditional method. *See New*, 604 S.W.3d at 18; Tenn. Code Ann. § 26-6-107 (preserving a judgment creditor's right to enforce a foreign judgment using the traditional method).

Before the adoption of the Uniform Act, a foreign judgment holder's only recourse was to file an action on the judgment. *Barone*, 2012 WL 1116320, at *4. This often led to "a second full scale trial on the judgment in another state." UNIF. ENF'T OF FOREIGN JUDGMENTS ACT prefatory note (revised 1964). According to its drafters, the Uniform Act, as revised in 1964, "provides the enacting state with a speedy and economical method of doing that which it is required to do by the Constitution of the United States." *Id.* It does this, in part, by "reliev[ing] creditors and debtors of the additional cost and harassment of further litigation which would otherwise be incident to the enforcement of the foreign judgment." *Id.*

The drafters modeled the revised Uniform Act, the version codified in Tennessee, on the federal court practice "for the inter-district enforcement of the judgments of the Federal District Courts" in 28 U.S.C. § 1963. *Id.* Like the Uniform Act, 28 U.S.C. § 1963 was enacted "to streamline the more awkward prior practice of bringing suit on a foreign judgment." *Wells Fargo Equip. Fin., Inc. v. Asterbadi*, 841 F.3d 237, 244 (4th Cir. 2016). The federal statute also contains a similar directive. Once registered, a federal judgment in an action for the recovery of money has "the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963. Federal appellate courts have uniformly interpreted this language to mean that registration effectively creates a new judgment in the registering district. *See Wells Fargo*

*Equip. Fin., Inc.*, 841 F.3d at 244 (concluding that § 1963 provides "for a <u>new</u> judgment in the district court where the judgment is registered, as if the new judgment had been <u>entered</u> in the district after filing an action for a judgment on a judgment"); *In re Est. of Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 989 (9th Cir. 2008) (agreeing that "registering a judgment under § 1963 is the functional equivalent of obtaining a new judgment of the registration court"); *Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 357 (6th Cir. 2002) (stating "registration under § 1963 is the equivalent of a new judgment"); *Home Port Rentals, Inc. v. Int'l Yachting Grp., Inc.*, 252 F.3d 399, 407 (5th Cir. 2001) (agreeing that registration under § 1963 creates a new judgment for statute of limitations purposes); *United States v. Febre*, 978 F.2d 1262 (7th Cir. 1992) (unpublished table decision) ("A registered judgment is equivalent to a new federal judgment obtained by filing an independent action on the original judgment; it has the same status as a judgment on a judgment."); *Stanford v. Utley*, 341 F.2d 265, 268 (8th Cir. 1965) (concluding that "registration provides, so far as enforcement is concerned, the equivalent of a new judgment of the registration court").

Because we are examining statutory provisions derived from a uniform law, we may look to decisions in other Uniform Act jurisdictions interpreting similar provisions for guidance. *See* Tenn. Code Ann. § 26-6-102 (providing that the Uniform Act "shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it"); *Holiday Inns, Inc. v. Olsen*, 692 S.W.2d 850, 853 (Tenn. 1985). Despite differing rationales, many state courts hold that a foreign judgment filed under the Uniform Act functions as a new domestic judgment for enforcement purposes. *See Czajka*, 310 A.3d at 1055 (collecting cases). Multiple courts reached this conclusion based on statutory provisions nearly identical to ours. *See Mike Smith Pontiac, GMC, Inc. v. Mercedes-Benz of N. Am., Inc.*, 741 A.2d 462, 469 (Md. 1999) (stating that "the filing of a foreign judgment under the UEFJA indeed does result in a Maryland judgment, just as if the filing party had chosen to enforce the foreign judgment by initiating a separate action in this state"); *Drllevich Const., Inc. v. Stock*, 958 P.2d 1277, 1281 (Okla. 1998) (holding that a foreign judgment registered under the Uniform Act "will be considered, for the purposes of enforcement, as a new judgment of this state"); *Trubenbach v. Amstadter*, 849 P.2d 288, 290 (Nev. 1993) (same); *Pan Energy v. Martin*, 813 P.2d 1142, 1144 (Utah 1991) (construing a similar provision to mean that "foreign judgments properly filed in Utah essentially become Utah judgments"); *Hanley Eng'g, Inc. v. Weitz & Co., Inc.*, 516 P.3d 1192, 1196 (Or. Ct. App. 2022) (same); *Nielson v. Schmoke*, 863 S.E.2d 652, 659 (N.C. Ct. App. 2021) (recognizing that a filed foreign judgment under the Uniform Act "has the effect of creating a new North Carolina judgment"); *Canizaro Trigiani Architects v. Crowe*, 815 So. 2d 386, 392 (La. Ct. App. 2002) (reasoning that the "procedure for enforcement of a foreign judgment under [the Uniform Act] results in a new Louisiana judgment just as it would if the [traditional] procedure . . . were followed"); *Com. Credit Loans, Inc. v. Riddle*, 512 S.E.2d 123, 126 (S.C. Ct. App. 1999) (recognizing that a foreign judgment domesticated under the Uniform Act "was transmuted into a South Carolina judgment" when it was enrolled); *Moncrief v. Harvey*, 805 S.W.2d 20, 22 (Tex. App. 1991) (stating

that a Uniform Act filing "instantly creates a Texas judgment"); *Warner v. Warner*, 668 P.2d 193, 195 (Kan. Ct. App. 1983) (recognizing that "once the foreign judgment is registered it is to be treated as if it were a Kansas judgment").

A few courts take the contrary view. *See Boudette v. Boudette*, 453 P.3d 893, 895, 897 (Mont. 2019); *Grazer v. Jones*, 294 P.3d 184, 193 (Idaho 2013); *Wells Fargo Bank, Nat'l Ass'n v. Kopfman*, 226 P.3d 1068, 1074 & n.3 (Colo. 2010); *TCAP Corp. v. Gervin*, 185 P.3d 589, 592-93 (Wash. 2008); *Coleman v. WGST, LLC*, 328 So. 3d 698, 703-04 (Miss. Ct. App. 2021); *Corzo Trucking Corp. v. West*, 636 S.E.2d 39, 41 (Ga. Ct. App. 2006); *Michael v. Valley Trucking Co., Inc.*, 832 So. 2d 213, 217 (Fla. Dist. Ct. App. 2002). But we do not find their reasoning persuasive. Two courts based their conclusions, at least in part, on unique statutory provisions that have not been adopted in Tennessee. *See TCAP Corp.*, 185 P.3d at 592-93 (basing its holding on a statute providing that "the lifetime of a registered foreign judgment cannot extend beyond the lifetime of the underlying judgment"); *Coleman*, 328 So. 3d at 703 (stating that the majority view "would also contravene the plain terms" of a Mississippi statute). Other decisions flowed from the court's concern that the majority view gave foreign judgment holders more enforcement time than their domestic counterparts. *See Wells Fargo Bank, Nat. Ass'n*, 226 P.3d at 1074; *Coleman*, 328 So. 3d at 703; *Corzo Trucking Corp.*, 636 S.E.2d at 41. We do not share this concern because foreign judgment holders who domesticated their judgment through the traditional method have always enjoyed a new enforcement period. *See Barone*, 2012 WL 1116320, at *6; *Czajka*, 310 A.3d at 1056 (recognizing the well-settled rule in most jurisdictions that "obtaining a new judgment based on an earlier judgment triggers a new limitation period within which the new judgment may be enforced").

Some courts, like the trial court, were influenced by their view of the summary nature of a Uniform Act proceeding. *See Grazer*, 294 P.3d at 193 (reasoning that a Uniform Act "filing does not involve initiating a new case" so "[n]o new Idaho judgment is created"); *Robinson v. First Wyoming Bank, N.A.*, 909 P.2d 689, 694 (Mont. 1995) (reasoning, with respect to the analogous federal practice, that "merely registering a judgment" instead of filing a separate action for enforcement should not result in a new judgment date); *Muka v. Horizon Fin. Corp.*, 766 So. 2d 239, 240 (Fla. Dist. Ct. App. 2000) (reflecting the view of Florida courts that the two methods of domestication must "involve different consequences" because merely registering a foreign judgment, unlike filing a traditional action, "is obviously derivative of the original judgment itself"). These courts view "mere" enrollment or registration under the Uniform Act as an inferior domestication method. We do not. Simpler does not necessarily mean less effective. *See Mike Smith Pontiac, GMC, Inc.*, 741 A.2d at 469 (recognizing that the Uniform Act was designed "merely to streamline the [traditional] procedure" of domesticating a foreign judgment, "and not to alter substantive rights").

We conclude that a foreign judgment filed under the Uniform Act effectively becomes a new Tennessee judgment subject to a new ten-year enforcement period. We

7

reach this conclusion based primarily on the Uniform Act's plain language. Tenn. Code Ann. § 26-6-104(b)-(c). To paraphrase a frequently cited federal decision, if a filed foreign judgment under the Uniform Act is to have the "same effect" as a domestic judgment, "it must, for . . . enforcement purposes, mean just that and not something else." *Stanford*, 341 F.2d at 270. We find support for our interpretation of the statutory language in multiple jurisdictions that have adopted similar versions of the Uniform Act and in federal decisions interpreting the analogous federal statute.[4] We decline to adopt the view that the streamlined procedure of the Uniform Act renders it a less effective means of domesticating a foreign judgment. A domesticated judgment under the Uniform Act has the same legal effect as a judgment rendered by a Tennessee court in a traditional common law action on a foreign judgment.

### III.

Poser Investments sought to enforce a properly domesticated foreign judgment within ten years of the date it became a Tennessee judgment. The trial court erred in finding that the enforcement action was barred by Tennessee Code Annotated § 28-3-110(a)(2). We reverse the court's decision and remand this case for further proceedings consistent with this opinion.

_s/ W. Neal McBrayer_
W. NEAL MCBRAYER, JUDGE

---

[4] We do not "blindly follow" the majority view. *Holiday Inns, Inc.*, 692 S.W.2d at 853.